

| | USDC SDNY |
|---|---|
| | DOCUMENT |
| Proskauer Rose LLP  Eleven Times Square  New York, NY 1 | ELECTRONICALLY FILED |
| | DOC #: _____ |
| | DATE FILED: \_\_11/20/2023\_\_ |

November 17, 2023

Lloyd B. Chinn
Member of the Firm
d +1.212.969.3341
f 212.969.2900
lchinn@proskauer.com
www.proskauer.com

**_By ECF and Email_**
Torres_NYSDChambers@nysd.uscourts.gov
Judge Analisa Torres
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *Anna Netrebko v. Metropolitan Opera Association, Inc., et al.*
      Case No. 23-cv-6857

Dear Judge Torres:

Defendants Metropolitan Opera Association, Inc. ("the Met") and Peter Gelb write to request that any obligations arising under the Pilot Program for Initial Discovery Protocols for Employment Cases Alleging Adverse Action ("the Pilot Program") set forth in this Court's September 1, 2023 Pre-Trial Order be stayed pending the outcome of their forthcoming motion to dismiss.[1]  Defendants further request a stay of any other discovery obligations until their motion to dismiss has been adjudicated. There are myriad factors supporting a stay of discovery in this instance, and not one indicating otherwise.  Defendants requested Plaintiff's consent to this application on November 16, 2023, and she declined.

First, courts in the Southern District are given "considerable discretion" in deciding whether a showing of good cause has been made sufficient to issue a stay of discovery. *See BAE Sys. Info. v. L3Harris Cincinnati Elecs.*, 2023 U.S. Dist. LEXIS 112046, at *1 (S.D.N.Y. Jun. 26, 2023) ("Although a motion to dismiss does not automatically stay discovery, district courts have considerable discretion to stay discovery pursuant to Federal Rule of Civil Procedure 26(c)."). Indeed, "[g]ood cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Boelter v. Hearst Communs., Inc.*, No. 15 Civ. 03934 (AT), 2016 U.S. Dist. LEXIS 12322, at *13 (S.D.N.Y. Jan. 28, 2016). In determining whether there is good cause warranting a stay, courts consider "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *BAE Sys. Info.*, 2023 U.S. Dist. LEXIS 112046, at ** 1–2. All three factors weigh in favor of a stay in this case.

As to the first, Defendants have made a strong showing that Netrebko's claims are without merit. Those showings include that:

---

[1] Pursuant to this Court's November 13 Order, Defendants intend to file a new motion to dismiss on or before December 1, 2023. (ECF No. 26).

**Proskauer»**

Judge Analisa Torres
Page 2

1. Plaintiff's ever-evolving purported discrimination claims are meritless. On the face of her pleading, Plaintiff accuses the Met of taking a political position, not engaging in unlawful discrimination. Indeed, Plaintiff has already elected to amend her Complaint twice in response to the Defendants' arguments – once to attempt to address Defendants' Pre-Pre-Motion Letter pursuant to this Court's Local Rule III.B.ii., and then to attempt to address Defendants' initial motion to dismiss. But the amendments have only further revealed the frivolity of her position – her national origin discrimination claim now plainly fails based, *inter alia*, on the newly-pleaded allegations that she advances regarding allegedly favorable treatment of Russians by the Met. Her "intersectional" claim continues to fail because she has asserted no facts that would reveal either anti-Russian or anti-woman bias on the part of the Met. She has also failed to plausibly allege that any purported comparators outside her identified protected classes expressed support for Putin and his invasion of Ukraine without suffering any consequences. And she cannot evade the findings of the arbitration in which she has already participated. (*See*, *e.g.*, ECF No. 27 at ¶ 51 );

2. Her defamation claim is implausible as a matter of law for no less than five dispositive reasons, including the fact that an arbitrator has expressly determined that Plaintiff was a fervent Putin supporter (indeed, that is the position her own labor union took on her behalf); and,

3. Her breach of contract claim is frivolous as a matter of law. That claim was raised by Netrebko's union, and it was already expressly decided by an arbitrator. It is therefore precluded by the doctrine of *res judicata*. Even if it wasn't barred by *res judicata*, it would be preempted under Section 301 of the Labor Management Relations Act.

Accordingly, there is a strong showing that Plaintiff's claims are utterly lacking in merit, and this showing alone warrants a stay of Defendants' discovery obligations. *See Boelter*, 2016 U.S. Dist. LEXIS at ** 15–16 (citing *Gandler v. Nazarov*, No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (holding that a stay of discovery should be granted where a motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law"); *Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd.,* 297 F.R.D. 69, 75 (S.D.N.Y. 2013) (staying discovery to avoid creating "a significant burden on defendants in the face of a seemingly strong motion to dismiss"). Indeed, this Court has already vetted Defendants' motion to dismiss during the Pre-Motion Letter writing process and permitted it to go forward. Discovery should be stayed until the Court resolves Defendants' forthcoming motion to dismiss.[2]

Second, the breadth of discovery and burden of responding to it weigh in favor of a stay. The Pilot Program requires that Defendants produce, effectively, the entire gamut of information and documents that Plaintiff would seek to support her discrimination, defamation and contract claims and that Defendants will use to support their defenses. (ECF No. 11 at p. 4). Moreover,

---

[2] According to Defendants' calculations, their production pursuant to the Pilot Program is due on December 1, 2023 – the same day their motion to dismiss is due. (ECF No. 26). This timing alone places a substantial burden on Defendants.



Judge Analisa Torres
Page 3

the burden of responding to the discovery will fall disproportionately on Defendants, who undoubtedly possess virtually all of the potentially relevant documents – while Plaintiff might possess only a handful.

Finally, Plaintiff will not be prejudiced by a stay of discovery. There is no risk that any documents or information would be lost in the event the parties proceed to discovery, because the Met has initiated appropriate litigation holds. Moreover, with a fully dispositive motion to dismiss pending, a stay would not substantially or unduly delay the action. *Boelter*, 2016 U.S. Dist. LEXIS 12322, at *16 (citing *Rivera v. Heyman*, No. 96 Civ. 4489, 1997 U.S. Dist. LEXIS 2003, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.")) Finally, we note that Plaintiff has not exhibited any particular interest in pressing this case forward, electing instead to interpose multiple pleading amendments over a lengthy period. Starting on August 4, 2023, Plaintiff has consumed several months with the filing of three successive versions of her complaint. As such, there is no basis for her to insist that it is only the discovery process (the burdens of which will fall far more heavily on Defendants) that must proceed with haste (and without any regard for the substantial likelihood that it will for naught).

Defendants acknowledge the existence of paragraph 5 of this Court's Civil Case Management Plan and Scheduling Order. However, if there is a case for staying discovery obligations, this would be it. All parties acknowledge that the American Guild of Musical Artists and the Met already arbitrated through hearing the essential facts underlying the present case. Defendants should not be unnecessarily dragged through discovery under these circumstances. Indeed, Defendants will be invoking the doctrines of collateral estoppel and *res judicata* in their motion to dismiss to avoid precisely this outcome.

In sum, the Court should stay any discovery obligations in this matter until the forthcoming motion to dismiss is resolved.

DENIED. Defendants have not demonstrated extraordinary circumstances warranting a stay. To the extent that Defendants seek to extend their time to produce discovery, Defendants shall make a separate application.

SO ORDERED.

Dated: November 20, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge