THE LAW OFFICES OF
# JULIE R. ULMET

July 23, 2024

**By ECF and Email (Torres_NYSDChambers@nysd.uscourts.gov)**
The Honorable Analisa Torres
United States District Court for the Southern District Of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Anna Netrebko v. Metropolitan Opera Association, Inc., et al.*
              Case No. 23-cv-6857

Dear Judge Torres,

      Pursuant to the Court's Individual Practice ("IP") II.C., the parties submit this joint letter to raise a discovery dispute with the Court.

      Under Local Rule 37.2, Plaintiff Anna Netrebko ("Plaintiff") is requesting an informal conference with the Court to address the matters raised in this letter. The parties have satisfied the Court's requirement to meet and confer in good faith prior to submitting this joint letter. Should the discovery dispute not be resolved as a result of the conference, Plaintiff respectfully requests permission to file a motion to compel Defendants Metropolitan Opera and Peter Gelb (collectively, "Defendants") to produce discovery in response to Plaintiff's discovery requests.

      Prior to submitting this letter, the undersigned counsel, by Julie R. Ulmet for Plaintiff and Ariadne Panagopoulou for Defendants, engaged in a meet and confer by telephone on July 15, 2024,[1] at 10:00 AM for approximately forty-five minutes.

      Prior to the most recent discussion, the parties (by Ms. Ulmet and Ms. Panagopoulou) participated in a meet and confer by videoconference on May 30 for approximately one hour, and prior to that, the parties (by Ms. Ulmet for Plaintiff and Hayden F. Bashinski for Defendants) held a single meet and confer by telephone on March 5 for approximately thirty minutes.

---

[1] All dates herein refer to 2024, unless otherwise indicated.

1. **Plaintiff's Position**

    a. *Defendants' Failure to Timely Collect, Review, and Produce ESI*

On April 8, 2024, this Court issued a modified case management plan and scheduling order (ECF Doc. No. 53), extending the original deadlines set in this case (ECF Doc. No. 49) by nearly five months.[2] Despite these significant extensions, Defendants have inexplicably delayed in collecting and reviewing ESI and have represented that they will not produce responsive documents in a timely manner that would permit the parties to meet the discovery deadlines in place in this case.

For nearly five months, Plaintiff diligently attempted to negotiate with Defendants search parameters for the collection, review, and production of electronically stored information ("ESI"). During this time, Defendants spent many months refusing to negotiate search parameters, and then delayed in negotiating search parameters, and have not yet begun to review or produce ESI.

Plaintiff recognizes that "courts encourage and expect cooperation among counsel when it comes to crafting search terms." *Zhulinska v. Niyazov Law Grp.*, P.C., No. 21-CV-1348 (CBA), 2021 U.S. Dist. LEXIS 219213, at *5 (E.D.N.Y. Nov. 12, 2021) (internal citations and alterations omitted). Plaintiff further understands, "[i]t is standard practice for the negotiation of search protocols to be an iterative process that allows parties to narrowly tailor search terms, custodians, and date ranges to locate responsive and non-privileged documents for production." *United States v. Dobco Inc.*, No. 22-cv-9599 (CS) (VR), 2023 U.S. Dist. LEXIS 145926, at *13 (S.D.N.Y. Aug. 17, 2023).

On February 27, Plaintiff contacted Defendants in the spirit of "cooperation" to begin this "iterative process," requesting that that parties schedule a meet and confer to discuss, among other things, the protocols for Defendants' initial collection of potentially responsive ESI. In a March 5 meet and confer, Defense counsel was not prepared to discuss their collection of ESI and asked Plaintiff to make the first set of proposals of search terms and custodians. The following day, on March 6, Plaintiff promptly sent a letter to Defendants proposing search terms and custodians. Despite multiple follow-up requests, Defendants did not respond to this proposal for the next three months.

Following Defendants' retention of new counsel, the parties held their second meet and confer on May 30, and subsequently, on June 6, Defendants finally provided counterproposals for search terms and custodians. The parties reached agreement on a preliminary list of custodians and negotiated search terms which Defendant would ask their vendor to run to

---

[2] For example, the end of fact discovery was extended from May 6, 2024, to September 27, 2024.

143010366.1



generate a preliminary hit report to determine whether these parameters produced a reasonable amount of ESI for review. On June 28, Defendants notified Plaintiff of the results of the preliminary hit report, indicating that the negotiated search terms produced more than 40,000 responsive documents and family members. Plaintiff promptly responded with a revised set of narrowed proposed search terms, but waited nearly three weeks for Defendants to notify Plaintiff of the results of a hit report based on a revised set of search terms. On July 18, Defendants notified Plaintiff that they had received the new hit report and would proceed with review of the documents, and anticipated completion of production by August 30. However, this anticipated production date does not provide Plaintiff with sufficient time to review Defendants' production and complete depositions within the current schedule for fact discovery. As noted, the current schedule has already been extended, with a current deadline for the close of depositions and fact discovery on September 27.

Notwithstanding these latest representations, Plaintiff seeks the Court's oversight to ensure that Defendants produce responsive ESI in a timely manner since, more than five months into fact discovery and following one significant extension to which Plaintiff consented, Defendants have not even begun reviewing potentially responsive ESI and delayed for many months taking steps to meet the current set of modified deadlines.[3]

### b. Relief Sought from the Court

Plaintiff respectfully requests that the Court schedule an informal conference to discuss the issues raised in this letter. In that conference, Plaintiff will discuss her request for a Court order that will provide a detailed discovery schedule and require Defendants to meet interim discovery deadlines that can be easily monitored for compliance.

Pursuant to Local Rule 37.2 and Rule 37, should the discovery dispute not be resolved by the conference,[4] Plaintiff respectfully requests permission to file a motion to compel Defendants Metropolitan Opera and Peter Gelb to produce discovery in response to Plaintiff's discovery requests.

---

[3] As for Plaintiff's discovery, Plaintiff has consistently indicated that she would be willing to abide by mutual deadlines for the production of responsive materials, but until July 18, Defendants had not made *any* representations about their anticipated date for production. Following that representation, Plaintiff informed Defendants that her own production will be made on a rolling basis and will be complete by August 9.

[4] Pursuant to Local Rule 37.2, this letter should also be treated as a request to file a motion to compel should the request for an informal conference be denied.

2. **Defendants' Position**

Plaintiff's application is warrantless and moot. Plaintiff fails to identify any unresolved discovery disputes that are ripe for Court intervention. Plaintiff's counsel also makes erroneous and unwarranted accusations regarding our purported delay in complying with ESI review/production when, in reality, Plaintiff has produced <u>zero</u> ESI discovery herself to date.

As background, we were retained to represent Defendants in this matter a couple of months ago and formally entered our appearance on May 13, 2024.[5] Following our retention, we informed counsel that we would need a short period of time to review all submissions in the case, including all discovery exchanged (which consisted of thousands of pages of documents) before we can substantively address any outstanding discovery disputes. Within two weeks, we got up to speed with the case and arranged a meet-and-confer call with Plaintiff's counsel on May 30, 2024 that lasted approximately one hour, whereby we discussed in detail Plaintiff's proposed ESI protocol. As Plaintiff concedes, on June 6th, 2024, within 6 calendar days of the meet-and-confer call, we provided counterproposals for search terms and custodians. During the next two weeks, the undersigned worked with Plaintiff's counsel to finalize the search terms/custodians/time-period for review, to engage an ESI vendor, and to initiate the collection process for all custodians.

On June 28, 2024, we provided Plaintiff's counsel with a detailed hit report from our discovery vendor showing a total count of 42,357 documents across the email accounts collected. Given the breadth of the documents that "hit" upon the search terms, we requested that the search terms be narrowed to produce more targeted results. We provided a counter-proposal with revised search terms during the same day. The undersigned also informed Plaintiff's counsel that she would be on vacation for two weeks until July 12, 2024. Upon the first day following her return, on July 15th, 2024, the parties had a meet-and-confer call where they discussed a revised search term protocol, which Plaintiff then finalized in an email the same day.

Within 3 calendar days, we ran the revised searches with our vendor – which produced 20,711 "hits" – and had lengthy discussions with our client about the time and expense ramifications of reviewing such a broad universe of documents. On July 18, 2024, despite the continued overbreadth of counsel's requests and the resulting gross expenses to our client, we communicated that we received approval for the review of the documents and committed to reviewing the 20,711 documents by August 30, 2024. Nevertheless, counsel has refused, and is still refusing, to withdraw this unnecessary letter application to the Court. It should also be noted that currently pending before this Court is Defendants' motion to dismiss, which might dispose most, if not all, of Plaintiff's causes of actions against Defendants.

---

[5] Prior to that, Proskauer Rose, LLP diligently responded to all of Plaintiff's written discovery requests and made two rounds of document productions consisting of non-ESI documents.

  To the extent, Plaintiff's counsel is concerned that the parties will be unable to complete discovery by the September 27th deadline, Defendants respectfully request a short extension of that deadline to November 27, 2024. The undersigned has previously discuss the need for an extension with Ms. Ulmet and Ms. Ulmet did not have any objections.

  We should emphasize that, to date, Plaintiff's counsel has produced zero ESI discovery, and only provided us with a proposal of the ESI search terms/custodians and time frames anticipated to be used on July 22, 2024, after having reviewed our earlier draft portion of this letter. This is despite the fact that – unlike with Defendants – Plaintiff is apparently the only custodian with pertinent ESI discovery, and such ESI discovery is limited to WhatsApp communications since, according to counsel's representations, Plaintiff did not communicate via email. And yet, Plaintiff has yet to produce any such communications, including communications with her agent involving her relationship with Putin and her public stance towards the Ukrainian invasion, both of which have been requested months ago.

                Respectfully submitted,

                */s/ Julie R. Ulmet*

                Julie R. Ulmet
                *Counsel for Plaintiff*


                */s/ Ariadne Panagopoulou*

                Ariadne Panagopoulou
                *Counsel for Defendants*


cc: Lloyd B. Chinn, Howard Z. Robbins, Hayden F. Bashinski (Proskauer Rose LLP)
   Ariadne Panagopoulou, Daniel Axelrod (Lewis Brisbois Bisgaard & Smith LLP)
   *Counsel for Defendants* (By Email and ECF)