UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNA NETREBKO,

        Plaintiff,

v.

METROPOLITAN OPERA ASSOCIATION, INC. d/b/a THE METROPOLITAN OPERA and PETER GELB, in his professional and individual capacities,

        Defendants.

Case 1:23-cv-06857-AT

## ADDENDUM TO STIPULATION AND PROTECTIVE ORDER RE. ATTORNEYS EYES ONLY DOCUMENT

    WHEREAS, the Parties having agreed to a Stipulation and Protective Order, which was so-ordered by the Court on July 30, 2024, and entered into the Docket as ECF Document 63, and

    WHEREAS, the Parties wish to agree to protocols for the production of materials involving highly sensitive, confidential, protected or identifying information of non-party individuals,

    ORDERED that, in addition to the provisions of the Stipulation and Protective Order, the following additional restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. **Confidential Information**: The Parties agree that discovery in this matter may involve sensitive or highly confidential information about the Parties, or protected or identifying information of non-party individuals and institutions. To the extent any such information is to be produced in this case, the document containing the information shall be produced with the clear and obvious designation HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY and the producing party shall have the authority to (but is not required to) redact any non-responsive information contained in such documents. Such documents are hereinafter referred to as "Highly Confidential Information."

1

2. **Designation**: A party or a third-party responding to a subpoena may designate a document as Highly Confidential Information for protection under this Order by placing or affixing the words "HIGHLY CONFIDENTIAL –ATTORNEY'S EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Highly Confidential Information are not required to be marked. The designation of a document as Confidential Information is a certification by an attorney that the document contains Highly Confidential Information as defined in this order.

3. **Depositions**. Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Highly Confidential Information until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential or Highly Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential or Highly Information, unless otherwise ordered by the Court.

4. **Protection of Confidential Information.**

    a. General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

    b. Limited Third-Party Disclosures of HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY documents. Counsel for the parties shall not disclose or permit the disclosure of any document marked HIGHLY

CONFIDENTIAL – ATTORNEY'S EYES ONLY to any person or entity except as set forth in subparagraphs (1)-(7). Subject to these requirements, the following categories of persons may be allowed to review documents marked HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY:

   i. Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

   ii. The Court and its personnel;

   iii. Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

   iv. Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

   v. Consultants and Experts. Consultants, investigators, or experts employed by the parties or retained by the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

   vi. Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents marked HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

   i. Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

5. **Control of Documents.** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after

the termination of the case.

6. **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

    a. **Meet and Confer.** A party challenging the designation of Highly Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

    b. **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Highly Confidential Information under the terms of this Order.

    c. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Highly Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

7. **Use of Highly Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Highly Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

SO STIPULATED AND AGREED.

_____
Julie R. Ulmet, Esq.
The Law Offices of Julie R. Ulmet
417 Grand St., #1804
New York, NY 10002
julie@ulmetlaw.com
*Counsel for Plaintiff*

_____
Ariadne Panagopoulou
Lewis Brisbois Bisgaard and Smith, LLP
77 Water Street, Suite 2100
New York, NY 10005
Ariadne.panagopoulou@lewisbrisbois.com
*Counsel for Defendants*

SO ORDERED.

_____
Ona Wang
United States Magistrate Judge

Dated: New York, NY
       October 17, 2024

5