

Ariadne Panagopoulou
77 Water Street, Suite 2100
New York, New York 10005
Ariadne.panagopoulou@lewisbrisbois.com

May 30, 2025

**VIA ECF**
The Honorable Ona T. Wang
United States District Court
Southern District Of New York
500 Pearl Street
New York, NY 10007

      Re:   *Netrebko v. Metropolitan Opera Association Inc. et. al.*
               Docket No.: 1:23-cv-06857

Dear Judge Wang:

      We represent Defendants in the above-referenced matter. We write to respond to certain statements made in the letter that was just filed by Plaintiff's counsel, Julie Ulmet, Esq., which are inaccurate.

      First, Defendants have been fully responsive to Ms. Ulmet and have made every attempt to be fully compliant with the Court's October 17, 2024 Order (ECF Doc. No. 79) which states that the parties must file a joint status report during the last Friday of every month, advising the Court of the status of discovery. Ms. Ulmet has chosen to disregard such Order by filing her unilateral letter and misrepresenting to the Court that she "did not receive a statement of Defendants' position". To set the record straight: Plaintiff emailed us a copy of the proposed status letter on Wednesday at 10:17 p.m. to which we responded the next day with our comments. Today, at 11:50 a.m., Plaintiff's counsel sent us a completely different version of the proposed letter which we had not previously discussed and which contained several accusatory statements about Defendants. Since this morning, the parties exchanged numerous phone calls and emails trying to reach a compromise, but Plaintiff ultimately, and unilaterally, decided that it served her best to simply file her own version of the status letter with her position. But to be clear: Defendants made their position clear in several emails to Ms. Ulmet, in addition to inserting red-line changes to both versions of the status letter Plaintiff had sent.

The Honorable Ona T. Wang
May 30, 2025
Page 2

      Moving on to the substantive issues raised in Plaintiff's letter, while it is true that Defendants cancelled Plaintiff's June 4th deposition, Plaintiff conveniently omits to explain why such deposition was cancelled. Specifically, Since May of last year, we have repeatedly requested, *inter alia*, contracts for all of Plaintiff's performances and all income received therefrom, following her termination from the Met. This request is crucial to determining both Plaintiff's economic damages and any mitigation thereof. The request was repeated several times both via phone and in writing, including via deficiency letters and emails. Seeing that, as of May 21, 2025 – a year following our request – we were still missing a substantial amount of contracts, including all contracts post March 1, 2024, we requested that the deposition be adjourned to a later date when Plaintiff produced all the documents.[1] Plaintiff now complains that she has "contractual obligations in other parts of the world [that] would not permit her to be available again for an in-person deposition in New York" but it was her failure to produce documents that have been outstanding for a year that created the need for this adjournment. In any event, this issue appears to be moot since Defendants already agreed that they could take Plaintiff's deposition in November, 2025 which is the earliest available date that Plaintiff can be in New York.[2]

      As to the remaining issues, there does not appear to be any substantial disagreement between the parties. The parties are in agreement that Peter Gelb's deposition will take place, in person, following Plaintiff's deposition. Plaintiff's counsel has sought a date certain from us *today*, to which we responded that we would confer with him and endeavor to produce him at some point in December 2025, as Plaintiff had requested, or January 2026 at the very latest.

      The parties also agree that third-party depositions may take place before the completion of the depositions of Plaintiff and Gelb. With respect to the depositions of Met Opera employees, aside from Peter Gelb and Michael Heaston, Defendants reserve the right to object to any such depositions since no Met employee outside of those two has any information relevant to Plaintiff's sex discrimination claim – the only remaining claim in this case. Nevertheless, Defendants have agreed to meet and confer further on this issue.

---

[1] Plaintiff eventually did make a production a few days later, but the requested documents were in foreign languages and there was simply not enough time to have them translated to English so that we could also adequately prepare for Plaintiff's deposition.

[2] In her letter Plaintiff states that she "has proposed new dates when she can be available for an in-person deposition in New York… [but] Defendants have not yet responded to Plaintiff's proposed dates." Again, this is inaccurate. The parties already agreed that Plaintiff's deposition would take place in-person during November 2025. At 11:50 a.m. this morning, Plaintiff proposed that Plaintiff's deposition be split over two days in November 24 and 25, 2025. We informed Ms. Ulmet that we would confer with our client and get back to her on those specific dates, since they most likely will be attending Plaintiff's deposition (as is their right).

The Honorable Ona T. Wang
May 30, 2025
Page 3

    Finally, Ms. Ulmet is correct in stating that the parties have continued to produce additional documents to each other, having exchanged additional document demands, follow-up requests, and deficiency letters. It is Defendants' hope that the parties will continue to amicably meet and confer, as they had been doing prior to today, to resolve any discovery disputes before involving this Court.

    We thank the Court for its time and consideration to this matter.

    Respectfully submitted,

    *Ariadne Panagopoulou*

    Ariadne Panagopoulou of
    LEWIS BRISBOIS BISGAARD & SMITH LLP