UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ANNA NETREBKO,

                    Plaintiff,

     - against -

METROPOLITAN OPERA ASSOCIATION,
INC. d/b/a THE METROPOLITAN OPERA and
PETER GELB, in his professional and individual
capacities,

                   Defendants.
--------------------------------------------------------X

Case No. 23-cv-6857

**AMENDED ANSWER**

Defendants Metropolitan Opera Association, Inc. ("The Met") and Peter Gelb ("Gelb" and together, "Defendants"), by their attorneys Lewis Brisbois Bisgaard & Smith LLP, as and for their Amended Answer to the Second Amended Complaint herein, allege as follows:

## **INTRODUCTION**

1.     No response is required to the allegations contained in paragraph 1, since it merely states the legal basis of Plaintiff's claim. To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief she seeks.

2.     Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 2, and refer to the referenced articles for the contents therein, except admit that Netrebko regularly performed at the Met up until 2022.

3.     Deny the allegations contained in paragraph 3, except admit that Netrebko previously sang a number of performances, including gala performances, at the Met and was a principal soprano with the Met for a number of years.

4.     Deny the allegations contained in paragraph 4, except admit that in or around March 2022, the Met terminated its relationship with Netrebko.

5.      Deny the allegations contained in paragraph 5, except admit that the Met has been a public supporter of Ukraine following Russia's invasion of Ukraine in February 2022.

6.      Deny the allegations contained in paragraph 6, except admit that, prior to Russia's invasion of Ukraine in February 2022, Gelb had previously been in Moscow and had partnered with the Bolshoi Theater for a production of *Lohengrin*.

7.      Deny the allegations contained in paragraph 7.

8.      Deny the allegations contained in paragraph 8.

## JURISDICTION AND VENUE

9.      Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 9 and refer all questions of law to the Court.

10.      Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 10 and refer all questions of law to the Court.

## ADMINISTRATIVE PROCEDURES

11.      Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 11.

12.      Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 12.

## PARTIES

13.      Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 13.

14.      Admit the allegations contained in paragraph 14, except deny that the Met is a "theatrical production company."

15.     Deny the allegations contained in paragraph 15 and refer all questions of law to the Court.

16.     Admit the allegations contained in paragraph 16.

## STATEMENT OF FACTS [1]

### A. Netrebko's Longstanding, Successful Relationship with Met

17.     Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 17, except admit that for a number of years, Netrebko and the Met had a successful relationship whereby Netrebko was one of the Met's principal sopranos.

18.     Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 18, except admit that for a number of years, Netrebko was one of the Met's principal sopranos and that some of her performances were broadcasted on the Met Live in HD.

19.     Deny the allegations contained in paragraph 19, except admit that Netrebko appeared at the Met's New Year Eve gala in December 2019, as well as the Met's live-streamed "At Home Gala" in April, 2020.

20.     Deny the allegations contained in paragraph 20, except admit that, following the COVID-19 pandemic, Netrebko's then-manager and the Met were in discussions concerning Netrebko's potential participation in various future productions.

21.     Deny the allegations contained in paragraph 21, except admit that, prior to the pandemic, Netrebko would typically – but not always – participate in two live productions at the Met each season, as well as be featured in HD-streamed Met Live transmissions.

---

[1] Heading titles are used for convenience purposes only and reflect the headers used in the Second Amended Complaint. They are not intended to constitute any admission of liability on the part of any Defendant, nor any concession by Defendants that the headers are in fact accurate.

22.     Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 22.

23.     Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 23.

**B. Netrebko Publicly Condemns Russia's Invasion of Ukraine**

24.     Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 24, except admit that on February 24, 2022, it became public knowledge that Russian troops had invaded Ukraine that day.

25.     Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 25 and refer to the refenced Instagram post for the contents therein.

26.     Deny the allegations contained in paragraph 26, except admit that on or around February 26, 2022, the Met asked Netrebko, through her former management, to issue a statement denouncing Putin.

27.     Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 27 and refer to the refenced Instagram post for the contents therein.

28.     Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 28 and refer to the refenced Instagram post for the contents therein.

### C. The Met Terminates Netrebko as Part of its Anti-Russia Publicity Campaign

29.     Deny the allegations contained in paragraph 29, except admit that on February 27, 2022, the Met issued a public statement, along with a video of Gelb, referencing the war in Ukraine, and refer to the referenced statement for the contents therein.

30.     Deny the allegations contained in paragraph 30, except admit that on or around March 2, 2022, Gelb, in a phone call with Netrebko, asked her to issue a statement denouncing Putin, and stated that if Netrebko issued such a statement, the Met would continue its relationship with her.

31.     Deny the allegations contained in paragraph 31, except admit that on March 3, 2022, the Met announced in a press release that Netrebko would not perform in future scheduled performances, and refer to the referenced press release for the contents therein.

32.     Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 32, and refer to the referenced article for the contents therein.

33.     Deny the allegations contained in paragraph 33, except admit that on March 28, 2022, Gelb sent a letter to Netrebko's former management, and refer to the referenced letter for the contents therein.

34.     Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 34, and refer to the referenced press release for the contents therein.

35.     Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 35, and refer to the referenced article for the contents therein.

36.     Deny the allegations contained in paragraph 36, except admit that the Met was opposed to Russia's invasion of Ukraine and made public statements to that effect.

37.     Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 37, and refer to the referenced article for the contents therein.

38.     Deny the allegations contained in paragraph 38, and refer to the referenced article for the contents therein.

**D.  The Met Terminated its Relationship with Netrebko Because of Her National Origin and Gender**

39.     Deny the allegations contained in paragraph 39.

40.     Deny the allegations contained in paragraph 40.

41.     Deny the allegations contained in paragraph 41.

42.     Deny the allegations contained in paragraph 42, except admit that the Met terminated its relationship with Netrebko in line with the statement it issued on February 27, 2022.

43.     Deny the allegations contained in paragraph 43.

44.     Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 44.

45.     Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 45.

46.     Deny the allegations contained in paragraph 46.

47.     Deny the allegations contained in paragraph 47, except admit that, in line with the Met's statement on February 27, 2022, the Met terminated its contracts and relationship with Netrebko.

48.     Deny the allegations contained in paragraph 48.

49.     Deny the allegations contained in paragraph 49.

50.     Paragraph 50 is incapable of response since it contains multiple sub-paragraphs within the same paragraph in violation of Fed.R.Civ.P. 10(b), which states that "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To the extent a response is required, Defendants deny the allegations contained in paragraph 50, except admit that, after the Met terminated its relationship with Netrebko, it replaced Netrebko with other performers of various nationalities.

51.     Paragraph 51 is incapable of response since it contains multiple sub-paragraphs within the same paragraph in violation of Fed.R.Civ.P. 10(b) which states that "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To the extent a response is required, Defendants deny the allegations contained in paragraph 51, except admit that the Met has continued its relationship with various Russian artists who do not publicly support Putin.

52.     Paragraph 52 is incapable of response since it contains multiple sub-paragraphs within the same paragraph in violation of Fed.R.Civ.P. 10(b) which states that "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To the extent a response is required, Defendants deny the allegations contained in paragraph 52.

53.     Paragraph 53 is incapable of response since it contains multiple sub-paragraphs within the same paragraph in violation of Fed.R.Civ.P. 10(b) which states that "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To the extent a response is required, Defendants deny the allegations contained in paragraph 53.

54.    Deny the allegations contained in paragraph 54

55.    Deny the allegations contained in paragraph 55.

**E.  Gelb and the Met Engage in a Defamatory Crusade Against Netrebko**

56.    Paragraph 56 is incapable of response since it contains multiple sub-paragraphs within the same paragraph in violation of Fed.R.Civ.P. 10(b) which states that "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To the extent a response is required, Defendants deny the allegations contained in paragraph 56 and refer to the referenced articles for the contents therein.

57.    Deny the allegations contained in paragraph 57, except admit that Gelb made statements pertaining to the Met's relationship with Netrebko to various news outlets.

58.    Paragraph 58 is incapable of response since it contains multiple sub-paragraphs within the same paragraph in violation of Fed.R.Civ.P. 10(b), which states that "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To the extent a response is required, Defendants deny the allegations contained in paragraph 58.

59.    Paragraph 59 is incapable of response since it contains multiple sub-paragraphs within the same paragraph in violation of Fed.R.Civ.P. 10(b), which states that "a party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To the extent a response is required, Defendants deny the allegations contained in paragraph 59.

60.    Deny the allegations contained in paragraph 60.

61.    Deny the allegations contained in paragraph 61.

**F. The Union Largely Prevails in Arbitration, Leaving State Law Questions Unresolved**

62.     Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 62 and refer all questions of law to the Court.

63.     Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 63, and refer to the referenced arbitration proceedings for the contents therein.

64.     Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 64, and refer to the referenced Arbitration Award for the contents therein.

65.     Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 65, and refer to the referenced Arbitration Award for the contents therein.

66.     Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 66, and refer to the referenced Arbitration Award for the contents therein.

67.     Deny the allegations contained in paragraph 67, and refer to the referenced Arbitration Award for the contents therein.

**G. The Met Breached Four Contracts with Netrebko that Were Left Unresolved by the Arbitrator**

68.     Deny the allegations contained in paragraph 68.

69.     Deny the allegations contained in paragraph 69, except admit that the Met and Neuhoff, Netrebko's former manager, had engaged in discussions about Netrebko potentially performing in the Met's productions of *Tosca, Pique Dame, Manon Lescaut,* and *Macbeth.*

### a. The 2024-2025 Season

#### i. Tosca

70.    Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 70, and refer to the referenced email communications for the contents therein.

71.    Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 71, and refer to the referenced email communications for the contents therein.

72.    Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 72, and refer to the referenced email communications for the contents therein.

73.    Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 73, and refer to the referenced email communications for the contents therein.

#### ii. Pique Dame

74.    Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 74, and refer to the referenced email communications for the contents therein.

75.    Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 75, and refer to the referenced email communications for the contents therein.

76.    Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 76, and refer to the referenced email communications for the contents therein.

### b. The 2025-2026 Season – Manon Lescaut and Macbeth

77.    Deny the allegations contained in paragraph 77, except admit that the Met and Neuhoff discussed the possibility of Netrebko's participation in productions of *Manon Lescaut* and *Macbeth* in the 2025-26 season.

78.    Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 78, and refer to the referenced email communications for the contents therein.

79.    Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 79, and refer to the referenced email communications for the contents therein.

80.    Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 80, and refer to the referenced email communications for the contents therein.

81.    Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 81, and refer to the referenced email communications for the contents therein.

82.    Deny having knowledge or information sufficient to form a belief with respect to the allegations contained in paragraph 82, and refer to the referenced email communications for the contents therein.

83.    Deny the allegations contained in paragraph 83.

**H. Netrebko Has Suffered Damages as a Result of Defendants' Actions**

84.     Deny the allegations contained in paragraph 84.

85.     Deny the allegations contained in paragraph 85.

86.     Deny the allegations contained in paragraph 86.

87.     Deny the allegations contained in paragraph 87.

88.     Deny the allegations contained in paragraph 88.

89.     Deny the allegations contained in paragraph 89, except deny having knowledge or information sufficient to form a belief as to whether Netrebko sold her home in New York City following the Met's termination of her contracts.

**FIRST CAUSE OF ACTION**
**Discrimination in Violation of the New York State Human Rights Law**
**(National Origin Discrimination)**
***Against Defendant the Met***

90.     Repeat the answers to the allegations contained in paragraphs 1 through 89 set forth above.

91.     Deny the allegations contained in paragraph 91.

92.     Deny the allegations contained in paragraph 92.

93.     Deny the allegations contained in paragraph 93.

**SECOND CAUSE OF ACTION**
**Aiding and Abetting in Violation of New York State Human Rights Law**
**(National Origin Discrimination)**
***Against Defendant Gelb***

94.     Repeat the answers to the allegations contained in paragraphs 1 through 93 set forth above.

95.     Deny the allegations contained in paragraph 95.

96. Deny the allegations contained in paragraph 96.

97. Deny the allegations contained in paragraph 97.

98. Deny the allegations contained in paragraph 98.

99. Deny the allegations contained in paragraph 99.

100. Deny the allegations contained in paragraph 100.


### THIRD CAUSE OF ACTION
**Discrimination in Violation of the New York City Human Rights Law
(National Origin Discrimination)**
*Against Defendant the Met*

101. Repeat the answers to the allegations contained in paragraphs 1 through 100 set forth above.

102. Deny the allegations contained in paragraph 102.

103. Deny the allegations contained in paragraph 103.

104. Deny the allegations contained in paragraph 104.


### FOURTH CAUSE OF ACTION
**Aiding and Abetting in Violation of the New York City Human Rights Law
(National Origin Discrimination)**
*Against Defendant Gelb*

105. Repeat the answers to the allegations contained in paragraphs 1 through 104 set forth above.

106. Deny the allegations contained in paragraph 106.

107. Deny the allegations contained in paragraph 107.

108. Deny the allegations contained in paragraph 108.

109. Deny the allegations contained in paragraph 109.

110.    Deny the allegations contained in paragraph 110.

111.    Deny the allegations contained in paragraph 111.


### FIFTH CAUSE OF ACTION
**Discrimination in Violation of the New York State Human Rights Law**
**(National Origin Plus Gender Discrimination)**
***Against Defendant the Met***

112.    Repeat the answers to the allegations contained in paragraphs 1 through 111 set forth above.

113.    Deny the allegations contained in paragraph 113.

114.    Deny the allegations contained in paragraph 114.

115.    Deny the allegations contained in paragraph 115.


### SIXTH CAUSE OF ACTION
**Aiding and Abetting in Violation of New York State Human Rights Law**
**(National Origin Plus Gender Discrimination)**
***Against Defendant Gelb***

116.    Repeat the answers to the allegations contained in paragraphs 1 through 115 set forth above.

117.    Deny the allegations contained in paragraph 117.

118.    Deny the allegations contained in paragraph 118.

119.    Deny the allegations contained in paragraph 119.

120.    Deny the allegations contained in paragraph 120.

121.    Deny the allegations contained in paragraph 121.

122.    Deny the allegations contained in paragraph 122.

## SEVENTH CAUSE OF ACTION
### Discrimination in Violation of the New York City Human Rights Law
### (National Origin Plus Gender Discrimination)
### *Against Defendant the Met*

123.    Repeat the answers to the allegations contained in paragraphs 1 through 122 set forth above.

124.    Deny the allegations contained in paragraph 124.

125.    Deny the allegations contained in paragraph 125.

126.    Deny the allegations contained in paragraph 126.

## EIGHTH CAUSE OF ACTION
### Aiding and Abetting in Violation of New York City Human Rights Law
### (National Origin Plus Gender Discrimination)
### *Against Defendant Gelb*

127.    Repeat the answers to the allegations contained in paragraphs 1 through 126 set forth above.

128.    Deny the allegations contained in paragraph 128.

129.    Deny the allegations contained in paragraph 129.

130.    Deny the allegations contained in paragraph 130.

131.    Deny the allegations contained in paragraph 131.

132.    Deny the allegations contained in paragraph 132.

133.    Deny the allegations contained in paragraph 133.

## NINTH CAUSE OF ACTION
### Defamation
### *Against All Defendants*

134.    Repeat the answers to the allegations contained in paragraphs 1 through 133 set forth above.

135.    Defendants are not required to respond to the allegations contained in this paragraph, as they were dismissed by Court Order dated August 22, 2024. Such dismissal was affirmed by Court Order dated July 29, 2025.

136.    Defendants are not required to respond to the allegations contained in this paragraph, as they were dismissed by Court Order dated August 22, 2024. Such dismissal was affirmed by Court Order dated July 29, 2025.

137.    Defendants are not required to respond to the allegations contained in this paragraph, as they were dismissed by Court Order dated August 22, 2024. Such dismissal was affirmed by Court Order dated July 29, 2025.

138.    Defendants are not required to respond to the allegations contained in this paragraph, as they were dismissed by Court Order dated August 22, 2024. Such dismissal was affirmed by Court Order dated July 29, 2025.

## TENTH CAUSE OF ACTION
### Breach of Contract
### *Against Defendant The Met*

139.    Repeat the answers to the allegations contained in paragraphs 1 through 138 set forth above.

140.    Defendants are not required to respond to the allegations contained in this paragraph, as they were dismissed by Court Order dated August 22, 2024. Such dismissal was affirmed by Court Order dated July 29, 2025.

141.    Defendants are not required to respond to the allegations contained in this paragraph, as they were dismissed by Court Order dated August 22, 2024. Such dismissal was affirmed by Court Order dated July 29, 2025.

142.    Defendants are not required to respond to the allegations contained in this paragraph, as they were dismissed by Court Order dated August 22, 2024. Such dismissal was affirmed by Court Order dated July 29, 2025.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where the law does not impose same on Defendants, Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state any claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

On information and belief, Plaintiff has failed to mitigate her alleged damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages attributable to actionable conduct by Defendants, or the Company's employees, agents or representatives.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver or release of claims.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of unclean hands and/or equitable estoppel and/or *in pari delicto.*

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because she failed to exhaust her administrative remedies.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

Any actions taken with respect to Plaintiff's alleged employment were based on legitimate, independent, non-discriminatory reasons and reasonable factors other than gender and/or national origin.

### NINTH AFFIRMATIVE DEFENSE

To the extent this court determines that Defendants acted with a discriminatory motive, Plaintiff would not be entitled to damages, since Defendants would have taken the same action in the absence of a discriminatory motive.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant Gelb was never Plaintiff's employer or joint employer.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants acted in good faith without reckless disregard for Plaintiff's statutory rights.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any alleged adverse employment action taken against Plaintiff was not motivated, in whole or in part, by Plaintiff's gender or national origin.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants acted reasonably and in the proper and lawful exercise of discretion and business judgment and without intent to violate Plaintiff's rights, and Defendants' actions were not discriminatory or otherwise actionable.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants did not have actual or constructive knowledge of, encourage, condone, approve or participate in any allegedly discriminatory conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE

The court does not have subject-matter jurisdiction over this action with respect to Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Awarding punitive damages against Defendants would violate the United States and New York Constitutions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages because Defendants did not engage in any actionable conduct with malice or reckless indifference to Plaintiff's rights.

WHEREFORE, Defendants demand judgment as follows:

1.      Dismissing the Second Amended Complaint in its entirety with prejudice;

2.      Awarding Defendants the costs and expenses in connection with this action, including reasonable attorneys' fees; and

3.      Granting such other and further relief as is just and proper.

Dated:  New York, New York
        August 21, 2025

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:     /s/ Ariadne Panagopoulou
        Ariadne Panagopoulou, Esq.
        *Attorneys for Defendants*
        7 World Trade Center
        250 Greenwich St, 11th Floor
        New York, NY 10007
        (212) 232-1300
        Ariadne.Panagopoulou@lewisbrisbois.com

## CERTIFICATE OF SERVICE

Ariadne Panagopoulou, an attorney duly admitted to practice before this Court, certifies that on August 21, 2025, she caused to be filed via ECF Defendants' Amended Answer to the Second Amended Complaint.


_____/s/ Ariadne Panagopoulou_____
Ariadne Panagopoulou