THE LAW OFFICES OF

# JULIE R. ULMET

September 17, 2025

**By ECF**
The Honorable Ona T. Wang
United States District Court for the Southern District Of New York
500 Pearl Street
New York, NY 10007

      Re:    *Anna Netrebko v. Metropolitan Opera Association, Inc., et al.*
             Case No. 23-cv-6857

Dear Judge Wang,

      The undersigned represents Plaintiff Anna Netrebko ("Plaintiff" or "Ms. Netrebko") in the above-referenced matter. Pursuant to the Court's Individual Practice II.b. and Local Rule 37.2, Plaintiff writes to respectfully request a conference with the Court to assist the parties in resolving a discovery dispute. Counsel for the parties participated in a meet and confer via telephone on September 10, 2025, on the issue discussed in this letter.

      The dispute concerns Plaintiff's renewed request for the discovery of documents related to her recently reinstated claim for national origin discrimination, and Defendants' refusal, to date, to commit to producing the requested documents or to engage in a meaningful dialogue about such collection, including to discuss search terms and protocols. Plaintiff reasonably seeks production of the requested documents prior to commencement of depositions in this case. Pursuant to this Court's August 22, 2025 Order and agreement of the parties, depositions are scheduled to commence on October 16, 2025, and fact discovery is scheduled to conclude on January 16, 2026 (ECF Doc. 115).

      On July 29, 2025, Judge Torres issued an order reinstating Plaintiff's claims alleging national origin discrimination (ECF Doc. 108; the "Reconsideration Order"), and on August 21, 2025, Defendant filed an amended answer denying those claims (ECF Doc. 114).[1] The following day, Plaintiff sent Defendants a letter renewing three Requests for Production, reiterating requests from Plaintiff's February 9, 2024 Requests for Production related to matters relevant and necessary for Plaintiff's prosecution of her national origin discrimination claims.

      The renewed Requests for Production (hereinafter, "Requests 17-19") are as follows:

---

[1] Federal Rule of Civil Procedure 12(a)(4)(A) provides that if the court denies a motion to dismiss, the responsive pleading must be served within fourteen days after notice of the court's action, but Defendants' Answer was not filed until after Plaintiff reminded Defendants of this Rule.



**Request for Production 17.**     All documents and communications concerning the Met's decision to engage Liudmyla Monastyrska to perform (1) the title role in *Turandot* in the 2021-22 season, and (2) the title role in *Tosca* in the 2022-23 season, including but not limited to documents and communications (internal and external) concerning her engagement, the decision to replace previously contracted artists (Ms. Netrebko and Hibla Gerzmava, respectively), and promotion of and publicity concerning Ms. Monastyrska's performances in those roles.

**Request for Production 18.**     All documents and communications concerning the Met's decision to engage Eleonora Burratto in the role of Elisabeth in *Don Carlo* in the 2022-23 season including but not limited to documents and communications (internal and external) concerning her engagement, and the decision to replace previously contracted artists.

**Request for Production 19.**     All documents and communications concerning the Met's decision to engage Lise Davidsen in the role of Leonora in *La forza del destino* in the 2023-24 season including but not limited to documents and communications (internal and external) concerning her engagement, and the decision to replace previously contracted artists.

Requests 17-19 relate to the three non-Russian sopranos whom the Met contracted to replace Plaintiff, and thus closely relate to the legal theory on which the District Court focused in reinstating the national origin discrimination claim.[2] In the Court's Reconsideration Order, Judge Torres concluded that Plaintiff adequately pled a national origin discrimination claim because she alleged that the Met replaced her with non-Russians. (ECF Doc. 108, p. 7-8). Judge Torres also specifically commented that the allegations concerning <u>publicity</u> of the replacements were relevant to the plausibility of the claim: "Netrebko's complaint, taken as a whole, supports rather than undercuts the reasonableness of the *Littlejohn* inference. Among other allegations, she claims that the Met <u>promoted</u> the fact that it replaced her, a Russian, with a Ukrainian artist." (ECF Doc. 108, p. 7) (emphasis added).

Thus, in order to ensure that Plaintiff obtains discovery needed to prove her claims, she promptly sought additional discovery from Defendants related to the reinstated claims. Notably, Plaintiff did not issue new requests for production but merely renewed Requests 17-19, requests for which Defendants have been on notice since February 2024. Plaintiff requested, given the upcoming deposition and discovery schedule, that Defendants produce the requested documents by September 26, 2025. But Defendants missed multiple deadlines to respond after the meet and confer, and as of the date of this letter, Defendants have not committed to undertake any such

---

[2] While Defendants had previously (in fall 2024) agreed that they would *not exclude* any otherwise responsive materials uncovered in their review solely because they related to the then-dismissed claims, Defendants did not agree to apply search terms that would identify materials responsive to Requests 17-19.



review and production and have not engaged in a meaningful discussion about search terms and protocols.

Plaintiff seeks the Court's assistance in ensuring that any delay does not prejudice Plaintiff in obtaining needed discovery. Plaintiff respectfully requests a conference with the Court concerning this matter, or alternatively, for an order requiring Defendants to produce documents responsive to Plaintiff's Requests 17-19 by October 3, 2025, or another reasonable date in advance of depositions, currently scheduled to commence on October 16, 2025.

                                                                    Respectfully submitted,

                                                                    */s/ Julie R. Ulmet*

                                                                    Julie R. Ulmet
                                                                    *Counsel for Plaintiff*

cc:    Lloyd B. Chinn, Howard Z. Robbins, Hayden F. Bashinski (Proskauer Rose LLP)
         Elior Shiloh, Ariadne Panagopoulou, Daniel Axelrod (Lewis Brisbois Bisgaard & Smith LLP)
         *Counsel for Defendants* (By Email and ECF)
         Kara Gorycki, *Counsel for Plaintiff* (By Email and ECF)