

Elior Shiloh
7 World Trade Center
250 Greenwich St, 11th Floor
New York, NY 10007
Elior.Shiloh@lewisbrisbois.com

October 24, 2025

**VIA E-MAIL**
**Julie R. Ulmet, Esq.**
The Law Offices of Julie R. Ulmet
417 Grand St., #1804
New York, NY 10002
julie@ulmetlaw.com

> Re:     *Netrebko v. Metropolitan Opera Association Inc. et. al.*
> Docket No.: 1:23-cv-06857

Dear Julie:

As you know, we represent Defendants in the above-referenced matter. We write in response to your letter dated October 20, 2025, and in anticipation of our meet and confer call in connection with your renewed request to depose Met employee Gillian Brierley, which was previously denied via Order by Judge Wang dated August 22, 2025 (the "Order").

As we explained during the hearing before Judge Wang, Brierley had zero authority or say in Defendants' decision to terminate Netrebko's contracts. Nor did she have any involvement in the Met's decision to hire any other artist, including Monastyrska, as Netrebko's replacement.

As to Brierley's communications with the press, we never denied that Brierley had authority to communicate with the press and to draft press releases concerning Netrebko's termination; however, all such statements had to be pre-approved by Peter Gelb.

Nothing stated by Michael Heaston during his deposition contradicts the statements we made to the Court. Your letter severely misstates Mr. Heaston's testimony. For example, you state that "the Press Team was involved in publicity decisions and strategy concerning the Met's February 27, 2022 announcement" citing "130:7, 18" of the transcript. However, a clear review of the referenced portion of the transcript reveals that Heaston, in fact, testified "I'm not in press team meetings, so I don't know what they discussed." As to "publicity decisions", Heaston clearly testified that the press team,

Julie R. Ulmet, Esq.
October 24, 2025
Page 2

including Brierley, "would be meeting regularly also with Peter [Gelb] about the publicity and marketing and anything press related on a very regular basis" but, ultimately, Heaston was not involved so this was "conjecture of [his] part." Heaston Tr. 142:11-18; 143:5-10. *See also id.* 143:19-24 ("Q. Do you have an understanding of [] what occasions Mr. Gelb would speak directly to media as opposed to the press director speaking directly to media? A. No. That's sort of outside my area of -- what I deal with"). Mr. Heaston further confirmed that Brierley reports direct to Gelb. *Id.* 35:2-4.

Your letter equally misrepresents Judge Wang's Order. Judge Wang specifically ruled that Plaintiff could obtain the information that she intended to inquire from Brierley from Mr. Gelb's deposition and the deposition of the Met's 30(b)(6) witness:

> You can ask the questions you're going to ask of Mr. Gelb at his deposition, at Met opera's 30(b)(6), of other witnesses that you have deposed.

> But based on counsel's representation that these three custodians, these three individuals [including Brierley] would have had to pass any decision through Mr. Gelb, would have had to get approval for any public statement through Mr. Gelb, and you have Mr. Gelb's side of those documents and those communications, that's sufficient.

> If they're talking among themselves and Mr. Gelb isn't copied, and he's not aware of what they're talking about, it does not go to state of mind of Mr. Gelb. And then as to state of mind of the Metropolitan Opera, that is exactly what the 30(b)(6) deposition is for.

> Okay. That's my ruling. It's denied.

Hearing Tr. 33-17:25; 34:1-6. *See also id.* 33:9-11 ("you get better evidence from just deposing Mr. Gelb and looking at Mr. Gelb's communications and his statements. That's what this case is about.")

Accordingly, Defendants will not agree to produce Brierley for a deposition at this time. Mr. Gelb's and the Met's depositions are scheduled for December 8 and December 12, respectively. If, following such depositions, you still believe there are grounds to depose Brierley, Defendants would be prepared to revisit such request at such later time.

Julie R. Ulmet, Esq.
October 24, 2025
Page 3

Best regards,

*Elior Shiloh*

Elior D. Shiloh of
LEWIS BRISBOIS BISGAARD & SMITH LLP

165707747.1