**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
ANNA NETREBKO,

                Plaintiff,                23-cv-6857 (AT) (OTW)

    -against-                 **ORDER**

METROPOLITAN OPERA ASSOCIATION, INC. et al.,

                Defendants.
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The Court has reviewed ECF Nos. 129 and 132. Plaintiff seeks a conference on their desired motion to compel Defendants to produce Gillian Brierley, and employee of Defendant Metropolitan Opera Association, Inc. ("Met") for a deposition. (ECF 129). Defendants oppose by stating they should not need to discuss producing Ms. Brierley until, at a minimum, after the December deposition of Defendant Peter Gelb ("Gelb"). (ECF 132). The Court agrees.

In June, Plaintiff first raised the dispute around deposing Ms. Brierley. (ECF 98). At the August 21 status conference, the Court had the following colloquy with Plaintiff:

> **THE COURT**: Why does [deposing Brierley] matter?
> **MS. GORYCKI**: Because it -- the communications with Ms. Brierley to the New York Times about what Mr. Gelb directed her or discussed with her or how the message was to be communicated about Ms. Netrebko's termination are relevant to state of mind and discriminatory motive.
> **THE COURT**: But you get better evidence from just deposing Mr. Gelb and looking at Mr. Gelb's communications and his statements. That's what this case is about.

(ECF 132-1 at 33).

The Court further held that additional depositions were "a fight for later" and directed the Plaintiff to "see what happens at the depositions of the principal people that you've agreed to depose [before seeking non-party depositions]," specifically: Peter Gelb. (ECF 132-1 at 34). Accordingly, on August 22, the Court denied Plaintiff's requests at ECF 98 including, *inter alia*, to depose Ms. Brierley. (ECF 115).

As discovery stands now, Plaintiff admits that there are two remaining depositions: Gelb and the Met, both Defendants in this matter. (ECF 129). Plaintiff has made no persuasive showing as to why it must depose Ms. Brierley now, before deposing the principal parties. Thus, it would not be proportional to permit non-party depositions before the remaining depositions of both Defendants are completed. *See Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-CV-1318 (GBD) (BCM), 2018 WL 6712769, at *5 (S.D.N.Y. Nov. 30, 2018) (quoting *Malibu Media, LLC v. Doe*, No. 15-CV-3147 [AJN], 2016 WL 5478433, at *2 [S.D.N.Y. Sept. 29, 2016]) ("[S]ubpoenas issued to non-parties pursuant to Fed. R. Civ. P. 45 are subject to the relevance [and proportionality] requirement[s] of Rule 26[b][1]"). Accordingly, Plaintiff's motion for conference on compelling a deposition of Ms. Brierley is **DENIED WITHOUT PREJUDICE** until after Defendant Gelb is deposed. If Plaintiff renews her motion to depose Ms. Brierley, she must show how Ms. Brierley's deposition would not be cumulative or duplicative of party depositions and document production made to date. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

3

The Clerk of Court is respectfully directed to close ECF 129.

**SO ORDERED.**

Dated: November 5, 2025  
       New York, New York

*/s/ Ona T. Wang*  
**Ona T. Wang**  
United States Magistrate Judge