**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------X

ANNA NETREBKO,                              :        Case No. 23-cv-6857

                Plaintiff,            :

          v.                    :

                             :

METROPOLITAN OPERA ASSOCIATION,             :
INC. d/b/a THE METROPOLITAN OPERA and
PETER GELB, in his professional and individual :
capacities,                                 :

              Defendants.           :

------------------------------X

**PLAINTIFF'S UNOPPOSED MOTION TO CORRECT AND SEAL ECF NO. 144-1 AND**
**TO SEAL ECF NO. 143 AND DEFENDANTS' POSITION ON SAME**

Pursuant to the Court's Order dated December 10, 2025 (ECF No. 146), Plaintiff respectfully submits this motion to *correct* and seal Exhibit 1 to the Declaration of Ariadne Panagopoulou (the "Panagopoulou Declaration") (ECF No. 144-1)[1] and to maintain under seal an unredacted copy of Defendants' memorandum of law in support of their motion for an adverse inference (ECF No. 143). The corrected Exhibit 1, the highlighted, unredacted copy of Defendants' memorandum of law, and the redacted version of Defendants' memorandum of law are annexed to the Declaration of Julie Ulmet ("Ulmet Decl."), dated December 16, 2025 as Exhibits 1, 2, and 3, respectively. Plaintiff does not take issue with the public filing of the Panagopoulou Declaration (ECF No. 144) and Exhibit 2 to the Panagopoulou Declaration (ECF No. 144-2). Over the past few days, the parties have extensively met and conferred on the issues discussed herein. Although

---

[1] The parties both agree that the original document filed at ECF No. 144-1 should be permanently sealed or stricken from the docket. As set forth *infra,* it is the full transcript containing the entirety of Ms. Netrebko's deposition testimony, the majority of which bears no relevance to Defendants' motion.

1

Defendants do not object to Plaintiff's motion to seal, including to the filing of Exhibits 1 and 2 in the manner proposed by Plaintiff, for the reasons stated below, they do not join this Motion.

<u>**PLAINTIFF'S POSITION**</u>

Plaintiff does not dispute that the corrected version of Exhibit 1 submitted herewith and Defendants' memorandum of law constitute "judicial documents" which are subject to a strong presumption of public access under both the common law and the First Amendment. However, the sealing of these documents is essential to preserve higher values and protect Plaintiff's privacy interests, including the risk of publicly disclosing the very information that she declined to provide when answering certain of Defendants' questions at her deposition. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006). The parties have further narrowly tailored this sealing request by agreeing to an excerpted version of Plaintiff's deposition transcript to be filed under seal, should Plaintiff's motion be granted, and a redacted version of the memorandum of law to be filed publicly.

Understanding that "[t]he party seeking protection from disclosure has the burden of making a particular and specific demonstration of fact, as distinguished from general, conclusory statements revealing some injustice, prejudice, or consequential harm that will result if protection is denied," *Blum v. Schlegel*, 150 F.R.D. 38, 41 (W.D.N.Y.1993), but noting the sensitivity of making those "particular and specific" demonstrations in this publicly filed Motion to Seal, Plaintiff respectfully refers to the Court to the arguments contained in the relevant portions of the deposition transcript filed at Ulmet Declaration, Exhibit 1 at 55:6-21 (Plaintiff's counsel's brief explanation of the risk of consequential harm), 72:12-75:8 (Plaintiff's counsel's longer explanation of Plaintiff's position in teleconference with the Court), 110:8-111:17 (statements explaining risk of consequential harm by counsel and Plaintiff), 193:19-194:3 (Plaintiff's explanation of risk

consequential harm); 241:15-22 (same); 361:9-24 (same). The discussions on these pages demonstrate Plaintiff's significant "privacy interests" in the material to be sealed, which are strong "countervailing factors" that, here, outweigh the value of public disclosure. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP,* 814 F.3d 132, 143 (2d Cir. 2016)

Furthermore, Plaintiff's privacy interest in sealing the documents is closely related to the interests at issue in the underlying motion; put another way, disclosure of the facts set forth in the motion for an adverse inference and its accompanying exhibits could subject Plaintiff to the same risk of injury she tried to avoid by asserting a privilege during the deposition. For this reason, Plaintiff respectfully requests that, should there be any doubt concerning this Motion to Seal, the Court wait until Plaintiff has submitted her response to the underlying motion to make a ruling on the Motion to Seal. Under governing case law, "The right to inspect and copy judicial records is not absolute, however, and a court may exercise its supervisory power over its own records and files to deny access where court files might have become a vehicle for improper purposes." *Bernstein*, 814 F.3d at 142. Waiting until the entire underlying motion has been briefed will permit the Court to better assess whether the documents at issue in this Motion to Seal serve an important public interest or are "a vehicle for improper purposes," as Plaintiff will argue in her submission to be filed on January 7, 2026.[2]

## A. EXHIBIT 1 SHOULD BE STRICKEN, CORRECTED, AND FILED UNDER SEAL

Defendants originally filed Ms. Netrebko's entire, two-volume deposition transcript on the docket. Subsequent to the filing, Plaintiff expressed concern that such filing was improper since Local Rule (a)(3) provides that only "portions of the record necessary for the decision of the

---

[2] Plaintiff' submission on the underlying motion will also explain more fully and specifically why Plaintiff may face a risk of consequential harm if the Motion to Seal is denied even though she did not answer Defendants' questions.

motion" should be filed with the Court. As is evident from Defendants' memorandum of law in support of their motion for an adverse inference against Ms. Netrebko (ECF No. 143), only certain discrete portions of Ms. Netrebko's deposition transcript need to be reviewed by the Court when deciding the underlying motion.[3] Accordingly, the parties have since conferred and agree that: Exhibit 1 to the Panagopoulou Declaration that was previously filed under seal at ECF 144-1 should be stricken from the docket and replaced with the corrected version of Exhibit 1 to the Ulmet Declaration.

The sealing of the corrected version of Exhibit 1 is warranted because there are countervailing concerns that weigh strongly against public access to Plaintiff's testimony—namely Plaintiff's privacy interests, as articulated in the record. The Second Circuit has articulated three factors that courts must consider in making a sealing determination based on privacy interests: 1) the degree to which the subject matter is considered private rather than public; 2) the nature and degree of the injury that will result from disclosure of the information; and 3) the reliability of the information. *Reynolds v. Mercy Inv. Servs*., 2024 WL 496719, at *3 (E.D.N.Y. Feb. 8, 2024) (citing *U.S. v. Amodeo*, 71 F. 3d 1044, 1051 (2d Cir. 1995)). The first two factors are relevant here as there is currently no dispute concerning the reliability of the transcription of Plaintiff's deposition testimony.[4] The subject matter of Defendants' motion, and the testimony which Plaintiff contends is subject to privilege, concern Plaintiff's private, *personal* views about controversial geopolitical matters. Ulmet Decl., Ex. 1, Netrebko Tr. at 55-58, 110:8-111:17, 115:13-21, 119:21-120:6; 132:20-133:4; 133:8-18; 136:5-13; 152:2-19; 173:2-13; 194:4-12; 240:24-242:17; 250:24-251:13;

---

[3] The remainder of the transcript, at this juncture, would not be considered a judicial document because the Court need not consider it in deciding the Defendants' motion.

[4] Notably, the final transcript was received on December 10, 2025, after the Defendants' motion was filed and before Plaintiff has had time to closely review or serve an errata sheet.

270:13-19; 271:7-19; 358:23-361:24.[5] Plaintiff will also be at significant risk of injury if the testimony is disclosed because disclosure of the manner in which she testified—and the inferences that can be drawn from her assertion that her responses are privileged[6]—will subject her to the very risks she tried to prevent while sitting for her deposition. 111:5-17; 193:10-194:3; 361:4-24. The Court already recognized the sensitive nature of her testimony by permitting the testimony to be given in front of outside counsel only, under seal, until a later point in the proceedings. Ulmet Decl. Ex. 1, Netrebko Tr. at 80-81.

## B. AN UNREDACTED COPY OF DEFENDANTS' MEMORANDUM OF LAW SHOULD BE FILED UNDER SEAL, THOUGH PLAINTIFF WILL CONSENT TO THE PUBLIC FILING OF A REDACTED VERSION

Plaintiff consents to the public filing of certain portions of the memorandum of law previously filed under seal at ECF No. 143. The highlighted, unredacted copy of the memorandum of law is appended to the Ulmet Declaration as Exhibit 2, and the redacted copy of the memorandum is appended as Exhibit 3. The highlighted portions give rise to the same issues set forth in Point I, as Plaintiff will be at risk of injury if this information is disclosed as such disclosure will subject her to the risk that she tried to avoid by asserting a privilege during the deposition. Plaintiff requests sealing of the unredacted memorandum of law on the same grounds.

---

[5] The parties both agree that Plaintiff's home address and information about her past property interests appears at page and lines 33:24-25 of the transcript. This is not public information. Ulmet Decl., Ex. 1.

[6] The fact that Ms. Netrebko has asserted a privilege with respect to her testimony also weighs in favor of sealing. *See Lugosch*, 435 F.3d at 125. Should the Court endeavor to undertake an analysis similar to *Lugosch*, in which the case was remanded for a determination as to whether the privilege at issue applied, Plaintiff respectfully submits that a decision on the sealing motion should be deferred until such a time as the Court has reviewed Plaintiff's opposition to Defendant's motion for adverse inference which will address the applicability of the privilege asserted.

**DEFENDANTS' POSITION**

Defendants do not oppose Plaintiff's motion, nor do they object to the proposed filing of Exhibits 1-2 to the Ulmet Decl. in the manner discussed by Plaintiff *supra*. However, Defendants do not join the instant motion and take no position as to whether sealing (in whole or in part) is appropriate for the purpose of adjudicating the instant motion.[7]

Specifically, with the narrow exception of p. 33 of Plaintiff's deposition transcript, Defendants do not consider any other portions of the transcript, as well as the memorandum of law itself, to be confidential documents warranting filing under seal. This is especially so considering that Defendants' motion is centered around Plaintiff's *refusal* to answer questions. Nevertheless, Defendants do not oppose Plaintiff's instant motion to file the identified portions of the transcript (Ulmet Decl. Ex. 1) under seal *for the specific purpose of adjudicating the instant motion* and to keep the memorandum of law under seal with a redacted portion filed publicly. Defendants expressly reserve the right to challenge the confidentiality designation of Plaintiff's deposition transcript in further proceedings including, but not limited to, at the summary judgment phase.

---

[7] To clarify Defendants' original decision to file the substantive portions of this motion under seal, Defendants state as follows: at the commencement of Plaintiff's deposition, Plaintiff requested, and Defendants agreed, to designate the entirety of Plaintiff's deposition transcript as "Highly Confidential" with the understanding that such designation could be challenged at a later point in the litigation. Pursuant to such designation, and in order to ensure compliance with the protective order in place in this proceeding (Dkt. Nos. 63 & 78), Defendants proceeded to file the substantive portion of their motion for an adverse inference, which referenced and directly cited from the "Highly Confidential" transcript, under seal. In doing so, Defendants – perhaps erroneously – did not consider at such time that the propriety of the confidentiality designation was ripe for the Court's consideration.

**CONCLUSION**

For the above stated reasons, the Court should grant Plaintiff's motion to file a corrected, excerpted version of Exhibit 1 to the Panagopoulou Declaration under seal and to file an unredacted copy of Defendants' memorandum of law under seal, along with such other and further relief as the Court deems just and proper.

Dated: December 16, 2025

Respectfully Submitted,

   /s/ Julie R. Ulmet
Julie R. Ulmet
THE LAW OFFICES OF JULIE R. ULMET
417 Grand St., #1804
New York, NY 10002
Tel (646) 396-0055
julie@ulmetlaw.com

and

Kara L. Gorycki
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, 5th Floor
New York, New York 10001
(212) 736-4500
kgorycki@nmllplaw.com

*Counsel for Plaintiff Anna Netrebko*

   /s/ *Ariadne Panagopoulou*
Ariadne Panagopoulou
LEWIS BRISBOIS BISGAARD & SMITH LLP
7 World Trade Center
250 Greenwich St, 11th Floor
New York, NY 10007 212-232-1300
Ariadne.Panagopoulou@lewisbrisbois.com

*Counsel for Defendants*

7

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Motion to Seal and accompanying Declaration of

Julie R. Ulmet and accompanying Exhibits 1-3, on counsel for Defendants via e-filing by ECF,

as to the Motion and Exhibit 3 to the Declaration, and by email as to all documents, pursuant to

the Court's Standing Order 25-mc-00421 (Sept. 23, 2025).


Dated:    December 16, 2025


/s/ Julie R. Ulmet
Julie R. Ulmet