**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

ANNA NETREBKO,                                              :          Case No. 23-cv-6857

      Plaintiff,                     :

       v.                             :

                    :

METROPOLITAN OPERA ASSOCIATION,          :
INC. d/b/a THE METROPOLITAN OPERA and
PETER GELB, in his professional and individual    :
capacities,                                                          :

      Defendants.                 :

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –X

**PLAINTIFF'S MOTION TO SEAL PLAINTIFF'S OPPOSITION TO MOTION FOR**
**ADVERSE INFERENCE AND CROSS-MOTION FOR A PROTECTIVE ORDER AND**
**<u>SUPPORTING DOCUMENTS</u>**

Pursuant to the Court's Individual Practice IV, Plaintiff respectfully submits this motion to

seal Plaintiff's Memorandum in Opposition to Motion for Adverse Inference and Cross-Motion

for Protective Order (the "Opposition and Cross-Motion"); certain exhibits to the Declaration of

Julie R. Ulmet (the "Ulmet Declaration"), namely, Exhibits 1 (Appendix of Deposition Quotes), 2

(multi-page Deposition Excerpts), 3 (Expert Affidavit), and 4 (Memorandum of Law in Opposition

to Motion for Adverse Inference and Cross-Motion for Protective Order).

**<u>ARGUMENT</u>**

Plaintiff does not dispute that Plaintiff's Brief and Cross-Motion, and certain supporting

documents constitute "judicial documents" which are subject to a strong presumption of public

access under both the common law and the First Amendment. However, the sealing of these

documents is essential to preserve higher values and protect Plaintiff's privacy interests, including

the risk of publicly disclosing the very information that she declined to provide when answering

1

certain of Defendants' questions at her deposition. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006).

The Second Circuit has articulated three factors that courts must consider in making a sealing determination based on privacy interests: (1) the degree to which the subject matter is considered private rather than public; (2) the nature and degree of the injury that will result from disclosure of the information; and (3) the reliability of the information. *Reynolds v. Mercy Inv. Servs.*, 2024 WL 496719, at *3 (E.D.N.Y. Feb. 8, 2024) (citing *U.S. v. Amodeo*, 71 F. 3d 1044, 1051 (2d Cir. 1995)). As discussed below, Plaintiff has met and exceeded the "burden of making a particular and specific demonstration of fact, as distinguished from general, conclusory statements revealing some injustice, prejudice, or consequential harm that will result if protection is denied," *Blum v. Schlegel*, 150 F.R.D. 38, 41 (W.D.N.Y.1993) (*See* Expert Affidavit (Ex. 3 to Ulmet Declaration), at ¶¶ 6-12, 13-19, 20-24).

The issues addressed in the Expert Affidavit, Opposition and Cross Motion, and excerpted pages of the Netrebko Deposition demonstrate Plaintiff's significant "privacy interests" in the material to be sealed, which are strong "countervailing factors" outweighing the value of public disclosure. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP,* 814 F.3d 132, 143 (2d Cir. 2016). Even where the interest of public disclosure may appear strong, documents may be sealed if doing so is essential and narrowly tailored. *In re Demetriades*, 58 F.4th 37, 46 (2d Cir. 2023) (denying motion to seal where only interest was protecting reputation of attorney found to have engaged in misconduct, but noting that sealing may be proper to "safeguard[] the physical and psychological well-being" of crime victims or "to avoid providing terrorist elements with propaganda to fuel their continued global hostilities") (internal citations omitted). "Where information related to the documents to be sealed is already in the publicly available or "in the

2

public record… [t]he further information contained in the excerpts serves little value aside from 'cater[ing] to a morbid craving for that which is sensational'… to which '[c]ourts have long declined to allow public access.'" *See also Doe 1 v. JP Morgan Chase Bank, N.A.*, 742 F. Supp. 3d 387, 397–98 (S.D.N.Y. 2024) citing *Amodeo II*, 71 F.3d at 1051. This balancing of interests affirms that "The right to inspect and copy judicial records is not absolute, however, and a court may exercise its supervisory power over its own records and files to deny access where court files might have become a vehicle for improper purposes." *Bernstein*, 814 F.3d at 142. In her Cross-Motion for Protective Order, Plaintiff argues that the documents at issue are "a vehicle for improper purposes," *Id.* insofar as they concern deposition questions asked solely to cause "annoyance, embarrassment, oppression, or undue burden" in violation of Rule 26(c). See Opposition Memo, p. 17-25.

Plaintiff's privacy interest in sealing the documents is the one and the same interest at issue in the underlying motion. Disclosure of the facts set forth in the motion for an adverse inference and its accompanying exhibits could subject Plaintiff to the same risk of injury she laboriously tried to avoid by asserting a privilege when injury could result and filing her Cross-Motion for a Protective Order to limit inquiry into these privileged topics.

Plaintiff has narrowly tailored this sealing request by publicly filing a redacted version of her Opposition and Cross-Motion and moving to seal only the unredacted version. For this reason, Plaintiff respectfully requests that, should there be any doubt concerning this Motion to Seal, the Court decide the Motion to Seal together with the underlying Motion for Adverse Inference and Cross-Motion for Protective Order, since the merits are closely related.

**EXHIBIT 1 (DEPOSITION TRANSCRIPT EXCERPTS) SHOULD BE FILED UNDER SEAL**

Plaintiff submits Exhibit 1 to be filed under seal, containing the pages of Ms. Netrebko's deposition transcript previously filed under seal as ECF Doc. 148-1 with the addition of a small number of pages referenced in Plaintiff's Opposition and Cross-Motion.

The sealing of Exhibit 1 is warranted because it contains the statements and assertions which constitute the countervailing concerns that weigh strongly against public access to this exhibit to the Opposition and Cross-Motion—namely Plaintiff's privacy interests, as articulated in the record. The first two factors are relevant here as there is currently no dispute concerning the reliability of the transcription of Plaintiff's deposition testimony.[1] The subject matter of Defendants' motion and Plaintiff's cross-motion, and the testimony which Plaintiff contends is subject to privilege, concern Plaintiff's private, personal views about controversial matters and issues likely to cause Plaintiff injury. Exhibit 1, Netrebko Tr. at 39:23; 40:8-10; 41:4-13; 55-58; 110:6-7; 102:8-20; 102:21-25; 103:2-7; 103:18-23; 107:3-9; 107:19-24; 110:8-111:17; 115:13-21; 116:24-117:2; 119:21-120:6; 120:17-121:6; 121:7-11; 121:12-24; 122:2-14; 127:6-128:128:8; 128:20-129:9; 132:20-133:4; 133:8-18; 135:10-17; 136:5-13; 137:13-25; 140:17-141:10; 141:22; 147:6-10; 151:20-25; 152:2-19; 173:2-13; 173:21-174:6; 186:20-187:2; 187:11-23; 189:6-15; 192:3-194:3; 194:4-12; 205:10-18; 208:25-209:6; 240:18-241:22; 240:24-242:17; 250:24-251:13; 255:9-14; 270:5-12; 270:20-271:2; 270:13-19; 271:7-19; 275:6-13; 285:20-286:6; 342:15-343:3; 346:7-347:21; 358:23-361:24; 362:17-363:2.[2] Plaintiff will also be at significant risk of injury if

---

[1] Notably, the final transcript was received on December 10, 2025, and Plaintiff has not yet had time to serve an errata sheet.

[2] The parties both agreed that Plaintiff's home address and information about her past property interests appears at page and lines 33:24-25 of the transcript. This is not public information. Ulmet Decl., Ex. 1. (ECF Doc. 48-1). In the instant Motion to Seal pp. 35 and 36 contain information about Plaintiff's other real estate property, which is not public information.

the testimony is disclosed because disclosure of the manner in which she testified—and the inferences that can be drawn from her assertion that her responses are privileged[3]—will subject her to the very risks she tried to prevent while sitting for her deposition. Netrebko Tr. at 111:5-17; 193:10-194:3; 361:4-24. The Court already recognized the sensitive nature of her testimony by permitting the testimony to be given in front of outside counsel only, under seal, until a later point in the proceedings.[4] Ulmet Decl. Ex. 1, Netrebko Tr. at 80-81.

### EXHIBIT 2 (APPENDIX A) SHOULD BE FILED UNDER SEAL

For the same reasons as stated supra regarding Exhibit 2, Exhibit 1 should be filed under seal. Exhibit 2 cites to the same sensitive, private concerns as excerpted in Exhibit 1, but further organizes and contextualizes Plaintiff's statements into categories correlating to Defendants' motion arguments and Plaintiff's arguments in opposition.

### EXHIBIT 3 (EXPERT AFFIDAVIT) SHOULD BE FILED UNDER SEAL

The Expert Affidavit should be filed under seal because it contains expert opinion which discusses in extensive detail the privilege asserted by Plaintiff, the risks she could face based on that testimony, and directly references Plaintiff's testimony throughout.

---

[3] The fact that Ms. Netrebko has asserted a privilege with respect to her testimony also weighs in favor of sealing. *See Lugosch*, 435 F.3d at 125. Should the Court endeavor to undertake an analysis similar to *Lugosch*, in which the case was remanded for a determination as to whether the privilege at issue applied, Plaintiff respectfully submits that a decision on the sealing motion be made together with a decision on the merits of the underlying motion and cross-motion.

[4] Despite that agreement, Defendants' counsel continued to question Netrebko about the sensitive topics even after employees of Defendant had returned to the room. Ulmet Decl. Ex. 1, Netrebko Tr. at 127:6-128:128:8; 128:20-129:9; 132:20-133:4; 133:8-18; 135:10-17; 136:5-13; 137:13-25; 140:17-141:10; 141:22; 147:6-10; 151:20-25; 152:2-19; 173:2-13; 173:21-174:6; 186:20-187:2; 187:11-23; 189:6-15; 192:3-194:3; 194:4-12; 205:10-18; 208:25-209:6; 240:18-241:22; 240:24-242:17; 250:24-251:13; 255:9-14; 270:5-12; 270:20-271:2; 270:13-19; 271:7-19; 275:6-13; 285:20-286:6; 358:23-361:24; 362:17-363:2.

**EXHIBIT 4 (AN UNREDACTED VERSION OF PLAINTFF'S OPPOSITION AND CROSS-MOTION) SHOULD BE FILED UNDER SEAL**

Plaintiff's highlighted Opposition and Cross-Motion should be filed under seal for the reasons stated above. The highlighted portions cite and give rise to the same issues set forth in Exhibits 1 and 2. The Opposition and Cross-Motion references the sensitive issues and legal analysis supported by Exhibit 3.  Plaintiff will be at risk of injury if this information is disclosed as such disclosure will subject her to the risk that she tried to avoid by asserting a privilege during the deposition. Plaintiff requests sealing of the unredacted memorandum of law on the same grounds.

**CONCLUSION**

For the above stated reasons, the Court should grant Plaintiff's motion to file an unredacted version of her Opposition and Cross-Motion, and certain supporting documents, under seal, along with such other and further relief as the Court deems just and proper.

Dated: January 7, 2026

Respectfully Submitted,

  /s/ Julie R. Ulmet
Julie R. Ulmet
THE LAW OFFICES OF JULIE R. ULMET
417 Grand St., #1804
New York, NY 10002
Tel (646) 396-0055
julie@ulmetlaw.com

*and*

Kara L. Gorycki
NESENOFF & MILTENBERG, LLP
363 Seventh Avenue, 5th Floor
New York, New York 10001
(212) 736-4500
kgorycki@nmllplaw.com

*Counsel for Plaintiff Anna Netrebko*

6

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Motion to Seal and accompanying Declaration of

Julie R. Ulmet on counsel for Defendants via e-filing by ECF, and by email as to all documents,

pursuant to the Court's Standing Order 25-mc-00421 (Sept. 23, 2025).


Dated:    January 7, 2026

/s/ Julie R. Ulmet
Julie R. Ulmet