THE LAW OFFICES OF
# JULIE R. ULMET

January 28, 2026

**<u>By ECF</u>**
The Honorable Ona T. Wang
United States District Court for the Southern District Of New York
500 Pearl Street
New York, NY 10007

   Re: *Anna Netrebko v. Metropolitan Opera Association, Inc., et al.*
      Case No. 23-cv-6857

Dear Judge Wang,

  The undersigned represents Plaintiff Anna Netrebko ("Plaintiff" or "Ms. Netrebko") in the above-referenced matter. Plaintiff writes to respectfully seek leave to file a motion for sanctions under Rule 37 following the failure of Defendant Metropolitan Opera (the "Met" or "Defendant") to properly prepare its 30(b)(6) designee. The parties conferred by extensive written communications and by phone on January 28, 2026, but were unable to resolve this matter.

  Rule 30(b)(6) imposes an affirmative obligation on an organization to designate one or more witnesses who are prepared to testify on the noticed topics based on information reasonably available to the organization. *Reilly v. NatWest Mkts. Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999). The obligation requires the corporate to prepare its designee(s) "so that they may give complete, knowledgeable and binding answers on behalf of the corporation." *SEC v. Morelli,* 143 F.R.D. 42, 45 (S.D.N.Y. 1992). Courts in this Circuit treat the production of an unprepared Rule 30(b)(6) witness as "tantamount to a failure to appear", warranting relief under Rule 37. *See, e.g., Kyoei Fire & Marine Ins. Co. v. M/V Mar. Antalya*, 248 F.R.D. 126, 152 (S.D.N.Y. 2007). In the December 12, 2025 deposition of Defendant's corporate designee, General Counsel Stephanie Basta, Defendant demonstrated its failure to meet its obligations under Rule 30(b)(6).

  On June 17, 2025, Plaintiff duly served a notice for a Deposition Pursuant to Rule 30(b)(6) (hereinafter, the "Notice," attached as Exhibit A). In a June 19, 2025 joint submission to the Court, the parties agreed that the 30(b)(6) deposition would take place on December 12, 2025. (ECF Doc. 97). But in the intervening six months, Plaintiff made multiple requests to meet and confer about the matters for examination, as required by Federal Rule 30, and Defendants refused these requests.[1] Ultimately, no meet and confer was had.

---

[1] Plaintiff requested a meet and confer about the 30(b)(6) notice, *inter alia*, in emails dated November 12, November 17, and November 20, 2025, to which Defendant responded by ignoring the request or outright rejecting it (such as on November 19). (The full thread is attached as Exhibit B).

On December 12, 2025, Defendant's General Counsel Stephanie Basta gave testimony pursuant to the Notice.[2] However, she admitted multiple times to not having prepared to speak on behalf of the Met, as required by law. When asked whether she had spoken with "any other employees of the Metropolitan Opera" in order to prepare her testimony, Basta answered that she had not. (Tr., 78:25-79:2). During her testimony, she repeatedly identified the people at the Met who were knowledgeable about certain noticed topics for examination, but her testimony was clear that she had not spoken with them to prepare for her deposition. *See, e.g.,* Tr., 112:1-6 ("did you talk to anybody who was present at the meeting? A. Not other than Mr. Gelb and Mr. Heaston. And not in preparation, but in connection with this matter in general.").

Topic 3 of the Notice called for the corporate representative to testify about the role of the Board of Directors and its Executive Committee in the decision to terminate the Met's relationship with Ms. Netrebko, whether that was consistent with the termination of other artists, and specifically, "the discussion at the March 10, 2022 Board meeting" (hereinafter, the "March 10 Meeting").

Ms. Basta testified that she had not been present at the March 10 Meeting and that her preparation consisted entirely of looking at minutes of the meeting. (Basta Tr., 111:24). She admitted that she did not speak to anyone who was present at the meeting in order to prepare for her testimony. (Basta Tr., 112:5 (Basta spoke to Gelb but "not in preparation" for her deposition); 114:3-5; (Basta was uncertain what participants recollected about the Meeting, but admitted that she "didn't ask anybody whether they recollected any information about" the Meeting).

As a result, Plaintiff was unable to obtain testimony about key aspects of Plaintiff's termination and the Board's response to it. (*See*, *e.g.*, Basta Tr., 113:18 (as to "discussion" about whether "the committee has a role in decisions of this type" [*e.g.*, to terminate Netrebko], Basta could not identify who raised concerns or what the discussion consisted of.) Whether Netrebko's termination deviated from typical Met practices is essential for examining whether it was lawful or not, and the questions raised by the Board's executive committee are highly relevant to the case – and were explicitly identified in the 30(b)(6) Notice.

Relatedly, Topic 7 called for the corporate representative to testify about topics including "the reaction from the public and the media about the Met's positions on Ukraine, and the termination of Plaintiff, including but not limited to (i) social media engagement on these topics and (ii) associated increases in ticket sales," including "information discussed at the [March 10 Meeting] and basis thereof." Basta was unable to testify about discussion at the March 10 meeting regarding a report on record high levels of "audience engagement" with the Met's

---

[2] Relevant excerpts from Ms. Basta's deposition testimony are attached hereto as Exhibit C.



"Ukraine-related posts" on its social media channels. (Tr., 120:10-121:13). Her lack of preparation to testify about this topic more generally was demonstrated by the inability to answer basic questions regarding this topic, such as what the Met's primary social media platform was at this time (Tr., 120:23) or what Gelb communicated about this topic in the March 10 Meeting. (Tr., 126:2).

Next, Topic 9 called for the corporate representative to testify about "the circumstances surrounding each termination" for any male or female employee terminated in the five years prior to Ms. Netrebko's termination. Ms. Basta did not prepare to give testimony about *any* such termination, admitting that she had not even prepared to discuss the circumstances of the Met's high-profile terminations of James Levine or Placido Domingo (Tr., 24:7, 33:2) or another termination that received media attention, Vittorio Grigolo (Tr., 42:20). In response to counsel's questioning, Ms. Basta testified that she had "prepared" only to discuss a case "involving sex discrimination." (Tr., 43:4). But this topic relates to Topic 8, and Ms. Basta was wholly unprepared for Topic 9—even though the parties certainly could have discussed these individuals had Defendants been willing to participate in a meet and confer, as required by the Rules. As a result, Plaintiff was unable to obtain testimony about whether the "circumstances" surrounding Ms. Netrebko's termination differed from those surrounding the separations of high-profile male artists – a set of facts critical to Plaintiff's claim of gender discrimination. *See*, *e.g.*, Tr., p. 22-32 (Levine); p. 33-43 (Domingo).

Plaintiff was materially prejudiced by this conduct. She was deprived of binding corporate testimony on the noticed topics, she was unable to meaningfully complete discovery within the Court-ordered schedule, and she was forced to expend resources on a deposition that did not satisfy Rule 30(b)(6)'s core purpose. Plaintiff respectfully requests that the Court permit her to file a motion for sanctions under Rule 37, which will request that the Court order:

1. Defendants to produce one or more properly prepared Rule 30(b)(6) witnesses to testify fully and competently on the deficient topics;
2. Defendants to bear all costs associated with reconvening the deposition, including Plaintiff's legal fees, court reporter, and transcript fees; and/or
3. Such other relief as the Court deems proper under Rule 37.

Respectfully submitted,

*/s/ Julie R. Ulmet*

Julie R. Ulmet
*Counsel for Plaintiff*

cc:   Lloyd B. Chinn, Howard Z. Robbins, Hayden F. Bashinski (Proskauer Rose LLP)



Elior Shiloh, Ariadne Panagopoulou, William Gosling (Lewis Brisbois Bisgaard & Smith LLP)
*Counsel for Defendants* (By Email and ECF)

Kara Gorycki, *Counsel for Plaintiff* (By Email and ECF)

4