THE LAW OFFICES OF

# JULIE R. ULMET

August 26, 2025

***By Email (Ariadne.Panagopoulou@lewisbrisbois.com)***
Ariadne Panagopoulou, Partner
Lewis Brisbois
77 Water Street, 21st Floor
New York, NY 10005

> Re:   *Anna Netrebko v. Metropolitan Opera Association, Inc., et al.*
> Case No. 23-cv-6857

Dear Ms. Panagopoulou,

I write to provide updates and further responses regarding Plaintiff's production of documents responsive to Defendants Second and Third Requests for Production of Documents.

### 1. Status of Plaintiff's Production of Responsive Materials

Plaintiff has now completed her production of documents requested by Defendants, as follows, with limited exceptions that are discussed in Points 2 and 3 below:

**<u>Second Set of Requests for Production ("2nd RFPs")</u>**

- RFP 1: Invitations from Russian Government – Plaintiff has no responsive documents in her possession, custody, or control.
- RFP 2: Photographs – As noted in Plaintiff's Responses, it is unduly burdensome to conduct a search of photographs, but Plaintiff has produced responsive photographs that were located in the course of her collection and review. Plaintiff is willing to engage in a meet and confer to discuss how to conduct a reasonable search for any specific materials Defendants may be seeking.
- RFP 3: Social Media Posts –Plaintiff plans to supplemental her production responsive to this request in the next two weeks. Plaintiff has engaged a vendor to collect her Instagram feed in a reviewable format, and will produce additional responsive documents in the next two weeks.
- RFP 4: Communications with Yusif Eyvazov – Plaintiff maintains her position that such materials are generally protected by spousal privilege. However, if there are specific materials which you believe exist and to which such privilege would not apply, Plaintiff is willing to engage in a meet and confer to discuss Defendants' proposals and the parameters of a reasonable search.



**Third Set of Requests for Production ("3rd RFPs")**

- RFP 1: Contracts – Plaintiff produced all outstanding and existing contracts as AN005692 - AN005717. In addition, other outstanding contracts and the commission statements of Plaintiff's current management were produced as AN005125-AN005691.
- RFP 2-6 – Documents concerning Russian male comparators: Plaintiff produced responsive documents as AN005718 - AN006048, in addition to other documents which were previously produced within the Bates range AN004656 - AN005124.
- RFP 7: WhatsApp Photo – Plaintiff produced this document as AN006049.
- RFP 8: Unredacted WhatsApp with M. Esteban – Discussion below.
- RFP 9: WhatsApp with J. Neuhoff in native form – Discussion below.
- RFP 10: Not in Plaintiff's possession, custody, or control.
- RFP 11: Calendar – Plaintiff has located a responsive document and it will be produced within the next two weeks.
- RFP 12: Tax Returns – Plaintiff produced these documents as AN006050 - AN006109.

## 2.  Third RFPs RFP 8 WhatsApp Communications with Miguel Esteban

First, as to redactions for responsiveness, as Plaintiff has previously stated, Plaintiff believes that—even if Defendants did not long ago waive their right to object to Plaintiff's production methodology announced in March 2024—it would be unduly burdensome and lacking in proportionality to require her to conduct an entire do-over of her collection, review, and production of her WhatsApp communications with Miguel Esteban.

In the interim, Defendants have produced Board minutes using the same methodology of withholding and redacting for relevance. As with the Board minutes, Plaintiff's communications with her manager contain voluminous communications on subjects unrelated to this litigation that are private, confidential, and sensitive, and it is appropriate and proper to produce them in the format which Plaintiff proposed seventeen months ago and produced a year ago.

Nonetheless, if Defendants are able to point to any particular portions of the chat which they believe were improperly redacted, or if Defendants are able to cite any legal authority supporting a position that Plaintiff's production methodology was improper, Plaintiff would be willing to review such information and engage in a meet and confer on this matter.

As to redactions for privilege, Plaintiff maintains her position that she has appropriately redacted portions of the Netrebko-Esteban WhatsApp communications for privilege based on the legal authority previously cited. *See, e.g.*, *John Mezzalingua Assocs., LLC v. Travelers Indem.*



*Co.*, 115 N.Y.S.3d 791 (App. Div., 4th Dep't, 2019) (where "the third party is an agent of the attorney or the client, and his or her presence is deemed necessary to enable the attorney-client communications and the client has a reasonable expectation of confidentiality, the attorney-client privilege is not waived"); *People v. Osorio*, 75 N.Y.2d 80, 84, 549 N.E.2d 1183 (1989) ("communications made to counsel through a hired interpreter, or one serving as an agent of either attorney or client to facilitate communication, generally will be privileged") (citing *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961) (presence of an agent will not destroy privilege where presence is "necessary, or at least highly useful, for the effective consultation between the client and the lawyer which the privilege is designed to permit").

Nonetheless, please advise if Defendants are able to point to any particular portions of the chat which they believe were improperly withheld. Further, we are willing to provide further information in a privilege log pursuant to Local Rule 26.2 if you have additional concerns or objections. Plaintiff proposes that the parties discuss mutual deadlines for privilege logs in a meet and confer.

### 3.  Third RFPs RFP 9 WhatsApp Communications with Judith Neuhoff

As Plaintiff previously stated, it would be unduly burdensome and lacking in proportionality to require her to conduct an entire do-over of her collection, review, and production of her WhatsApp communications with Judith Neuhoff in order to produce such documents in native form. Nonetheless, if Defendants are able to cite any legal authority supporting a position that Plaintiff's production methodology was improper, Plaintiff would be willing to review such information and engage in a meet and confer on this matter.

\*       \*       \*

I am available for a discussion at a mutually convenient time if you would like to discuss any of these matters further.

Sincerely,

Julie R. Ulmet

cc:     Elior Shiloh (Elior.Shiloh@lewisbrisbois.com)
        Daniel Axelrod (Daniel.Axelrod@lewisbrisbois.com)
        Kara Gorycki (kgorycki@nmllplaw.com)