THE LAW OFFICES OF

# JULIE R. ULMET

March 6, 2024

**By Email (HBashinski@proskauer.com)**
Hayden Bashinski
Proskauer Rose LLP
650 Poydras Street, Suite 1800
New Orleans, LA 70130

> Re:    *Anna Netrebko v. Metropolitan Opera Association, Inc., et al.*
>         Case No. 23-cv-6857

Dear Mr. Bashinski,

I write to follow up on our conversation on March 5, 2024, regarding discovery and ESI. We discussed (1) ESI production protocols; (2) WhatsApp production protocols; and (3) search terms and custodians.

### 1. ESI Production Protocols

On March 4, I sent you a proposed production protocol and asked you to provide comments or provide any other standard protocol that you propose to utilize. You indicated on our call that you were making some edits to my proposed Protocol that you would provide to me. In order to ensure that our productions due on March 11, 2024, conform to an agreed-upon protocol, I request that you send me your proposed ESI protocol by Thursday, March 7, 2024.

### 2. WhatsApp Production Protocols

During our call, I informed you that my production would include text messages exchanged via the instant messaging application WhatsApp, which exports a chat history via a single text document rather than in multiple files. Typically, a communication between two parties is produced only when such communication is responsive to a request for production. However, given this unique technical aspect of WhatsApp exports, I propose that the parties redact WhatsApp chat history documents for non-responsiveness. Please let me know your position on this proposal by March 13, 2024.

### 3. Search Terms and Custodians

As you know, "courts encourage and expect cooperation among counsel when it comes to crafting search terms" because "collection, review, and production of ESI present special challenges and require cooperation between opposing counsel." *Zhulinska v. Niyazov Law Grp., P.C.*, No. 21-CV-1348 (CBA), 2021 U.S. Dist. LEXIS 219213, at *5 (E.D.N.Y. Nov. 12, 2021)

417 Grand Street No. 1804, New York, NY 10002
julie@ulmetlaw.com   •   646-396-0055
www.julieulmetlaw.com



(internal citations and alterations omitted). In this spirit, I requested that we confer in advance of the upcoming production deadline. After all, "[i]t is standard practice for the negotiation of search protocols to be an iterative process that allows parties to narrowly tailor search terms, custodians, and date ranges to locate responsive and non-privileged documents for production." *United States v. Dobco Inc.*, No. 22-cv-9599 (CS) (VR), 2023 U.S. Dist. LEXIS 145926, at \*13 (S.D.N.Y. Aug. 17, 2023).

However, you indicated that you would not share anything about the custodians or search terms you had identified and stated that your position is that it is Plaintiff's responsibility to provide to you a list of proposed custodians and search terms. This could not be further from the way the process works and mischaracterizes the parties' relative obligations in the discovery process. The law is well-settled that a party that has received requests for production "is charged with knowledge of what documents it possesses," and "the burden does not fall on plaintiff to learn whether, how and where defendant keeps relevant documents." *Metro. Opera Ass'n v. Local 100*, 212 F.R.D. 178, 221 (S.D.N.Y. 2003) (citing *Tarlton v. Cumberland County Correctional Facility*, 192 F.R.D. 165 (D.N.J. 2000)). As courts have observed, "for the current good faith discovery system to function in the electronic age, attorneys and clients must work together to ensure that both understand how and where electronic documents, records and emails are maintained and to determine how best to locate, review, and produce responsive documents." *Green v. McClendon*, 262 F.R.D. 284, 290 (S.D.N.Y. 2009) (internal citations omitted).

By this correspondence, I am again asking that we engage in a cooperative "iterative process" of discussing "search terms, custodians, and date ranges" in short order. This is an appropriate time for such a process to being given that Defendants' responses to Plaintiff's Requests for Production of Documents are currently due on March 11, 2024, and you have not indicated that you intend to request an extension of this deadline.

As a starting point for purposes of commencing a meaningful cooperative process, I am prepared to provide Plaintiff's preliminary view of a list of custodians and search terms. This is not intended to be a comprehensive or exhaustive list and will not satisfy or supplant Defendants' own obligations to locate, review, and produce responsive documents. I reserve all rights, including to amend and modify Plaintiff's proposed lists of custodians and search terms.

With those caveats, and reserving all rights, I provide the lists attached as Exhibits A and B to this letter. Please let me know your responses by March 13, 2024.



*  *  *

In conclusion, please let me know your positions and responses on the following discovery matters by the dates indicated:

1. ESI Production Protocols – March 7
2. WhatsApp Production Protocols – March 13
3. Search Terms and Custodians – March 13

I am available for a further meet and confer on any of these or other issues.

I look forward to your anticipated response and to engaging in a cooperative discovery process.

Sincerely,

Julie R. Ulmet

cc: Lloyd Chinn *(by email - lchinn@proskauer.com)*

Attachment: Exhibits A and B



## Exhibit A

**Custodians**
1. Peter Gelb
2. Gillian Brierley
3. Lee Abrahamian
4. Kelly Davis
5. Michael Heaston
6. Jonathan Friend
7. Dmitri Kontos
8. Marcia Sells
9. Ann Ziff
10. Mercedes Bass

**Exhibit B**

**Search Terms**

*For each of the below, it is expected that you will work with your e-discovery vendor to add appropriate spelling variations for the following terms.*

1.  Netrebko
2.  Russia!
3.  Ukrain!
4.  Putin
5.  Neuhoff and Anna
6.  Neuhoff and Ukrain!
7.  Neuhoff and Russia!
8.  Neuhoff and Putin
9.  umusic.com and Anna
10. umusic.com and Ukrain!
11. umusic.com and Russia!
12. umusic.com and Putin
13. centrestagemanagement.com and Anna
14. centrestagemanagement.com and Ukrain!
15. centrestagemanagement.com and Russia!
16. centrestagemanagement.com and Putin
17. Anna and Judith
18. Anna and Russia!
19. Anna and Putin
20. Anna and Ukrain!
21. 21cmediagroup.com and Anna
22. 21cmediagroup.com and Ukrain!
23. 21cmediagroup.com and Russia!
24. 21cmediagroup.com and Putin
25. Bolshoi
26. Mariinsky
27. Tugan
28. Sokhiev
29. Gergiev
30. Valery
31. bolshoi.ru
32. Gavriel
33. Heine
34. Ildar

35. Abdrazakov
36. Garifullina[1]
37. Hibla
38. Gerzmava
39. Golovatenko
40. Alexey
41. Markov
42. Yulia
43. Matochkina
44. Evgeny
45. Nikitin
46. Ekaterina
47. Semeunchuk
48. Albina
49. Shagimuratova
50. For each of the individuals referenced in Items 34-49 (*see also* the individuals listed in the Definition of "Russian Artists," Paragraph 19 of Instructions and Definitions, Plaintiff's First Set of Requests for Production), the email address for each Russian Artist and his or her manager
51. Javier Hernandez
52. Nicholas Wroe
53. Jeffrey Arlo Brown
54. Madeleine Spence
55. Shaun Walker
56. Clive Paget
57. For each of the individuals referenced in Items 51-56 (*see also* Requests for Production 28-30) each of their email addresses

---

[1] I have not included Ms. Garifullina's first name, Aida, given the likelihood of voluminous false hits.