THE LAW OFFICES OF

# JULIE R. ULMET

April 21, 2026

**<u>By ECF</u>**
The Honorable Ona T. Wang
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:    *Anna Netrebko v. Metropolitan Opera Association, Inc., et al.*
>         Case No. 23-cv-6857

Dear Judge Wang,

The undersigned represents Plaintiff Anna Netrebko ("Plaintiff" or "Ms. Netrebko") in the above-referenced matter.

Defendants recently brought to Plaintiff's attention a minor error contained in her March 24, 2026 letter to the Court (ECF Doc. 175; hereinafter, "Plaintiff's March 24 Letter"). While Plaintiff does not believe that her letter contained any misrepresentations—and the undersigned certainly made no intentional misrepresentations—in the interest of full clarity and candor, Plaintiff submits this letter and attaches a corrected version of her March 24 Letter in tracked changes.

Defendants' March 18, 2026 letter to the Court (ECF Doc. 172; hereinafter, "Defendants' March 18 Letter"), claimed that Plaintiff had failed to produce documents responsive to Defendants' Request for Production 7 ("RFP 7"), which called for the production of "the WhatsApp photo referenced in documents bates-stamped AN002642-46." In responding to Defendants' March 18 Letter, counsel for Plaintiff reviewed records of Plaintiff's productions in response to Defendants' Requests for Production. This process included reviewing Plaintiff's August 26, 2025 letter which stated that Plaintiff had responded to RFP 7 by providing the document Bates marked AN006049.  Accordingly, counsel quoted from this letter and included the letter as an exhibit in her filing to demonstrate that Plaintiff had responded to RFP 7 and had not refused to provide responsive documents, as Defendants' March 18 Letter asserted.

However, on April 20, 2026, counsel for Defendants notified counsel for Plaintiff that they believed she had made a misrepresentation in the March 24 Letter because AN006049 is not the same document as the exhibit to their March 18 Letter (ECF Doc. 172-3). In response to that notification, counsel reviewed AN006049 and Exhibit B and agreed that the two documents are not the same document. Plaintiff's counsel did not realize this at the time she wrote the letter.

417 Grand Street No. 1804, New York, NY 10002
julie@ulmetlaw.com   •   646-396-0055   •   www.julieulmetlaw.com



Indeed, prior to April 20, Defendants had not informed Plaintiff that they believed she had failed to produce the correct document in response to RFP 7.[1]

However, this error does not invalidate the larger point made in Plaintiff's March 24 letter. Defendants' March 18 letter stated that "Plaintiff has withheld relevant documents from Defendants," offering a failure to respond to RFP 7 as the only example supporting this sweeping claim about Plaintiff's failure to comply with her discovery obligations. More specifically, Defendants claimed that Plaintiff's alleged lack of a response to RFP 7 was an example of Plaintiff's withholding of responsive documents because "during her deposition, Plaintiff located the WhatsApp exchange with Trautmann (including the photo) within seconds." (ECF Doc. 172, n.4). But prior to the deposition, Defendants never requested that Plaintiff produce her "WhatsApp exchange with Trautmann," which is a very different request from RFP 7's request for the "photo referenced in documents bates-stamped AN002642-46," which was a communication between Plaintiff's manager, Miguel Esteban, and Deutsche Grammophon executive Clemens Trautmann, and did not include Ms. Netrebko. Accordingly, the fact that Ms. Netrebko was able to locate this exchange in response to a deposition question about her own communications with Trautman does not demonstrate that she in any way withheld documents when a request was made for a photo referenced in communications between two other people, in which she was not included.

To be clear, this dispute concerns a document that has now been in Defendants' possession for many months. The requested photograph played no role in Defendants' decision to terminate their relationship with Plaintiff in 2022 and is not relevant to the claims or defenses at issue in this case. Plaintiff submits this letter solely to ensure that the record is clear and does not contain any errors, however inadvertent they may be.

Respectfully submitted,

/s/ Julie R. Ulmet

Julie R. Ulmet
*Counsel for Plaintiff*

---

[1] The reason for the confusion in Plaintiff's production is as follows: Defendants' RFP 7 called for Plaintiff to "Produce the WhatsApp photo referenced in documents bates-stamped AN002642-46." AN002642-46 is a series of emails between Plaintiff's manager, Miguel Esteban, and Deutsche Grammophon executive Clemens Trautmann. The emails forward a request from a New York Times reporter, Javier Hernandez, requesting comment on a photograph that Mr. Hernandez described, but does not appear to have attached to his emails. The photograph was not attached anywhere in the email thread that was in Mr. Esteban's possession. Since the document was not attached to the email thread, the photograph was identified using best efforts and AN006049 was produced to Defendants in an effort to comply with RFP 7.



3

cc:      Elior Shiloh (Elior.Shiloh@lewisbrisbois.com)
         William Gosling (William.Gosling@lewisbrisbois.com)
         Kara Gorycki (kgorycki@nmllplaw.com)

Exhibit A (Revised March 24, 2026 Letter)