

Ariadne Panagopoulou
7 World Trade Center, 11th Floor
New York, NY 10007
Ariadne.Panagopoulou@lewisbrisbois.com
Direct: 212.232.1362

April 24, 2026

***By ECF***
Honorable Ona T. Wang
United States District Court for the Southern District Of New York
500 Pearl Street
New York, NY 10007

        Re:    *Anna Netrebko v. Metropolitan Opera Association, Inc., et al.*
                Case No. 23-cv-6857

Dear Judge Wang,

We represent Defendants in the above-referenced matter. We write to supplement Plaintiff's submission, dated April 21, 2026 (Dkt. No. 179), to explain why certain portions of an email between Defendant Peter Gelb and Vladimir Urin, General Director of the Bolshoi Theater, should be kept under seal. We understand that Plaintiff filed this email with the Court under seal on April 21, 2026 (Dkt. No. 180). The redacted email is annexed hereto as **Exhibit A**.

According to the Second Circuit, sealing of documents may be justified where the "sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). In determining whether sealing is appropriate, courts must conduct a balancing test between the "value" of public disclosure of the subject documents and the "privacy interests" at stake. *Id*. at 119-20. A consideration that courts must take into account is "whether the documents have historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016). "Documents such as those passed between the parties in discovery often play no role in the performance of Article III functions and so the presumption of access to these records is low." *Id.* at 142 (2d Cir. 2016) (internal quotations and citations omitted).

Here, the document at issue is a private email between Defendant Peter Gelb and a representative of the Bolshoi Theater in Moscow concerning the termination of their relationship. The document was disclosed in discovery between the parties and will play a minimal role, if any, in the

Honorable Ona T. Wang
April 24, 2026
Page 2

performance of the Court's Article III functions. It is neither a pleading (as in *Bernstein*), nor a document used by a party in support of, or in opposition of, a dispositive motion (as in *Lugosch*).

Even assuming that the subject document is a "judicial document", the privacy interests at stake are substantial and outweigh the potential (and hypothetical) value of publicly disclosing it. Specifically, the Met's business dealings with theaters and music institutions around the world and specific arrangements regarding co-productions (including budgets, sets, scenery, and costumes) are highly confidential and have never been available to the press or public. In fact, the Met's capability of producing or co-producing operas, including the people and logistics involved, and discussions surrounding the effectuation of such projects, are the Met's trade secrets and one of the things that allows the Met to remain a competitive, A-Class Opera House around the world. To the contrary, disclosing this document to the public would have little, if any, value. As such, we request that the first two paragraphs of this email discussing the arrangements between the Met and the Bolshoi be kept under seal.

We thank the Court for its time and consideration.

Respectfully submitted,

*Ariadne Panagopoulou*

Ariadne Panagopoulou of
LEWIS BRISBOIS BISGAARD & SMITH LLP

cc:     All Counsel (via ECF)

175640343.1