CRUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                         :

ANNA NETREBKO,                       :

                      :

                Plaintiff,      :        23-cv-6857 (AT) (OTW)

                      :

        -against-        :        **OPINION & ORDER ON**

                      :        **SEALING MOTIONS**

METROPOLITAN OPERA      :

ASSOCIATION, INC., et al.,    :

                      :

        Defendants.     :

                      :

-------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

Before the Court are pending motions to seal at ECF Nos. 147, 150, 176, and 179. The parties made each application jointly and there are no objections to any motion. Additionally, Plaintiff seeks to seal ECF 192, the transcript of the June 8, 2026, status conference. (ECF Nos. 197, 198). Defendant does not object. For the reasons that follow, the applications are **DENIED**.

## I.      LEGAL STANDARD

The common law right of public access to judicial documents is based on "the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). The First Amendment also secures, to both the public and the press, a right of access to civil proceedings. *Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 23 (2d Cir. 1984).

When determining whether documents at issue on a motion to seal are subject to this common law right, the Court must first conclude that the documents at issue are judicial

documents. *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006). If the Court determines that the documents at issue are judicial documents, and that therefore the constitutional and common law presumption of access attaches, it must then determine the presumption's weight. *Id.* Finally, the Court balances competing considerations against the presumption of access. *Id.* at 120 (citing *Amodeo*, 71 F.3d at 1050).

Regardless of the weight attached to a judicial document, "continued sealing … may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing is narrowly tailored to achieve that aim." *See Lugosch*, 435 F.3d at 124. Under both constitutional and common law frameworks, the burden of justifying sealing rests with the moving party. *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

## II.    DISCUSSION

### A.  ECF 147 and 150: Motions to Seal Portions of Defendants' Motion for Adverse Inference and Plaintiff's Opposition

Late in 2025, Defendants filed a motion for an adverse inference based on Netrebko's refusal to answer certain questions at her deposition. (ECF Nos. 142 – 144). Defendants filed their notice of motion at ECF 142, their memorandum of law at ECF 143, and an attorney declaration at ECF 144. Defendants attached two exhibits to the declaration: a full transcript of the Netrebko deposition, (ECF 144-1), and photos purportedly taken by Netrebko and posted to her social media account during the deposition, (ECF 144-2). While ECF 142 was not filed under seal, Defendants filed ECF Nos. 143 and 144 fully under seal without also filing a redacted public version as required by my Individual Practices. Defendants also did not file any motion to maintain those filings provisionally under seal until Plaintiff, who would have a privacy interest

in sealing, could make a motion to seal.  After the Court ordered Defendants to file a motion to seal (ECF 146), Plaintiff filed a "joint" motion to seal. (ECF 147).

In support of her motion to seal, Plaintiff's counsel filed her declaration and exhibits also under seal. (ECF 148). In short, Plaintiff filed, under seal, documents seeking the sealing of other documents. Plaintiff attaches (under seal) excerpts of the full Netrebko deposition which the parties jointly request to use in lieu of the full deposition transcript that Defendants filed at ECF 144-1. Plaintiff then asks the Court to strike Defendants' filing of the full transcript at ECF 144-1. Defendant does not seek, however, to withdraw ECF 144 or file a new copy with the new deposition transcript. (ECF 143). Plaintiff's other exhibits in support of the joint motion to seal included, inexplicably, another sealed copy of Defendants' memorandum of law, (ECF 148-2) and a redacted version of Defendants' memorandum of law, (ECF 148-3). Plaintiff's public filing, (ECF 151) includes only the declaration at ECF 141 and no exhibits. **None** of this complies with my Individual Rules and Practices in Civil Cases § VI(b).

Shortly thereafter, Plaintiff filed a redacted opposition to Defendants' motion for an adverse inference (ECF 153), and Plaintiff's counsel filed a declaration and exhibits under seal at ECF 154 but did not file an unredacted version of her opposition at ECF 153. The motion to seal at ECF 150 seeks to seal both exhibits filed in support of Plaintiff's prior motion to seal (ECF 148) and exhibits filed in support of Plaintiff's opposition to Defendants' motion for an adverse inference, but not the opposition itself. (ECF Nos. 148, 152).

In sum, ECF 147 seeks to seal:

| ECF No. | Description |
| --- | --- |
| 143 | Defendants' memorandum of law in support of their motion for an adverse inference |
| 144-1[1] | Netrebko's full deposition transcript |

ECF 150 seeks to seal:

| ECF No. | Description |
| --- | --- |
| 148-1 | Excerpt of Netrebko's deposition transcript (duplicate of 152-1) |
| 148-2 | Defendants' memorandum of law (duplicate of ECF 143) |
| 152-1 | Excerpt of Netrebko's deposition transcript (duplicate of 148-1) |
| 152-2 | List of questions and answers from Netrebko's deposition transcript |
| 152-3 | Affidavit from expert on Russian law |
| 152-4 | Plaintiff's opposition to Defendants' motion for adverse inference |

Since the parties do not dispute the documents in question are judicial documents, I will "balance competing considerations," (*Lugosch,* 435 F.3d. at 120) to determine if the party seeking to seal has "demonstrated that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

Documents submitted to a court related to a motion for sanctions are subject to a higher presumption of public access under the common law and the First Amendment. *Compare Valassis Comms. Inc. v. News Corp.*, 17-CV-3738 (PKC), 2020 WL 2190708, at *2 (S.D.N.Y. May 5, 2020). ("Here, all the documents at issue were submitted to the Court in support of and would so reasonably have the tendency to influence the Court's decision on the

---

[1] While the entirety of ECF 144 (the declaration itself and both its attachments, ECF Nos. 144-1 and 144-2) is filed under seal, ECF 147 only seeks to seal ECF 144-1 and Defendants' Memorandum of Law at ECF 143. Accordingly, the parties have articulated no basis for sealing ECF 144 and 144-2 should be unsealed.

outstanding motions *in limine*, to exclude, and for sanctions…. As such, all documents submitted in support of these motions are judicial documents and enjoy some presumption of public access.") *and*

*Matthews v. N.Y. State Dept. of Corrections & Community Supervision*, No. 17-CV-0503 (TJM), 2023 WL 2664418, at *2 (N.D.N.Y. Mar. 28, 2023) (holding documents submitted in support of Plaintiffs' cross-motion for spoliation sanctions to be judicial documents) *with Brown v. Maxwell*, 929 F.3d 41, 50 (2d. Cir. 2019) (finding the presumption of public access for documents concerning discovery disputes is "generally somewhat lower").

Plaintiff propounds two reasons why her deposition transcript should be sealed, and why she should be permitted to redact the questions – and her refusals to answer them – related to her opinions on and approval of Vladimir Putin and the Russian Federation. The arguments seek to seal the same information on two different and unrelated bases, so I will address each separately.

Plaintiff first argues that sealing is warranted because she invoked a Fifth Amendment privilege against self-incrimination during her deposition. (ECF 147). It is unclear whether Plaintiff is arguing that the Fifth Amendment privilege applies to both the questions themselves and her refusal to answer them or that the act of her invoking a Fifth Amendment privilege, is itself privileged. But it matters little as her arguments are either moot – since she withdrew her claim that she was entitled to refuse to answer questions on the basis of Fifth Amendment privilege at the June 8, 2026 conference[2] – or plainly incorrect because the assertion of a "privilege," whether it has a basis or not, is not itself privileged. By that logic, the contents of all

---

[2] *See* Tr., ECF 198 at 18:14 – 18:22.

privilege logs would themselves be privileged. *See, e.g. In re OpenAI, Inc., Copyright Infringement Litig.*, 802 F. Supp. 3d 688, 699 n.16 (S.D.N.Y. 2025) ("Information that would normally go into a privilege log and underlying facts, such as [the existence of] a conversation between a client and their attorney … are not privileged); *see also Bennett v. Cuomo*, No. 22-CV-7846 (VSB) (SLC), 2024 WL 80271, at *9 (S.D.N.Y. Jan. 8, 2024) ("[A]ttorney-client privilege protects communications, not underlying facts.")

Plaintiff's related argument is that her privacy interests overcome the presumption of public access because of potential harm that could result from disclosure. (ECF Nos. 147, 150). In support of this argument, Plaintiff only cites to several discussions found on ten different pages of Netrebko's deposition transcript in which she or her attorney expresses some form of concern that if Netrebko were to answer questions about her current opinions about the Russian Federation, the war in Ukraine, or Vladimir Putin, then she could be subject to criminal prosecution in Russia. (ECF 147) (citing Netrebko Dep. Tr., ECF 144-1 at 55:6-21, 110:8-111:17, 193:19-194:3, 241:15-22, 361:9-24). While these pages do identify, at least in general terms, Plaintiff's privacy interest and concerns, they do not explain how her concerns are substantial enough to overcome the presumption of public access to judicial documents. Plaintiff's motion does not elaborate further, saying only "disclosure of the facts set forth in the motion for an adverse inference and its accompanying exhibits could subject Plaintiff to the same risk of injury she tried to avoid by asserting a privilege during the deposition." (ECF 147 at 3).

This argument is unconvincing because "conclusory invocations of harm...are plainly inadequate to overcome the presumption in favor of public access." *Lenart v. Coach Inc.*, 131 F. Supp. 3d 61, 72 (S.D.N.Y. 2015) (collecting cases). To the extent that Plaintiff is concerned about

how her own reputation might be impacted by disclosure of the deposition transcript, that concern is also insufficient to overcome a presumption of public access. *See Sony Ericsson Mobile Commc'ns AB v. Delta Elecs. Pub. Co. (Thailand)*, No. 09-CV-995 (BSJ), 2009 WL 959639, at *2 (S.D.N.Y. Apr. 8, 2009) ("Delta's primary concern appears to be that the documents contain information damaging to its reputation, a concern that, without more, does not warrant judicial protection"). Moreover, Plaintiff chose to bring this action, which depends directly on her private and public remarks regarding Putin and the Russian Federation, and/or Defendants' inferences drawn therefrom. She cannot seek to hide the facts underlying those claims under seal while continuing to seek relief premised on them.[3] *See e.g.*, *Gill v. Gilder,* No. 95-CV- 7933 (RWS), 1997 WL 419983, at *3 (S.D.N.Y. July 28, 1997) ("[a] plaintiff determines the issues brought before the court and cannot then selectively decide what information to reveal and what information to withhold"); *see also Fairstein v. Netflix, Inc.*, No. 20-CV-8042 (PKC), 2023 WL 6164293, at *7 (S.D.N.Y. Sept. 21, 2023) (denying sealing based on plaintiff's privacy concerns over embarrassment where exhibits "related to plaintiff's own words on matters pertaining to her conduct as a public figure [...] not communications about extraneous personal matters unrelated to this litigation").

Accordingly, for the reasons stated above, the motions to seal at ECF Nos. 143, 147, and 150 are **DENIED**, and ECF Nos. 138, 144, 147, and 152 should be unsealed. Additionally, because Plaintiff only filed a redacted version of ECF 153, without leave to do so, she is directed to file an unredacted version of ECF 153 publicly on the docket. Finally, I note that ECF 154 and its

---

[3] Indeed, although not dispositive of this sealing decision, Plaintiff does not deny that she took photos of the deposition she seeks to seal and posted them to her social media accounts(s). (*See* ECF 144-2). Such conduct would seem to belie any privacy concerns she might have about her testimony.

exhibits appear to be duplicative of ECF 152. Accordingly, to avoid confusion, ECF 154 is **STRICKEN**.

### B. ECF 197: Plaintiff's Motion to Seal June 8, 2026, Status Conference Transcript

Plaintiff seeks to seal ECF 192, the unredacted transcript of a status conference held before the Court on June 8, 2026. (ECF 197).  Transcripts of court proceedings are entitled to the highest presumption of public access under the First Amendment, but I need not reach those issues here because Plaintiff's justification for sealing is the same "privacy interest" and "risk of harm" that I found insufficient to overcome the common law presumption of public access in her motion to seal the deposition transcript *supra*. *See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2023 WL 196134, at *1 (S.D.N.Y. Jan. 17, 2023), *recons. denied,* 2023 WL 3966703 (S.D.N.Y. June 13, 2023) (citing *Lugosch,* 435 F.3d at 124) (test for whether document can be sealed under First Amendment more stringent than under common law). Accordingly, the motion is **DENIED** for the same reasons, and ECF 192 should be unsealed.[4]

### C. ECF 176: Motion Seeking to Redact Plaintiff's Private Health Information within Defendants' Motion to Compel Plaintiff to Produce Documents

On March 18, 2026, Defendants filed a letter motion seeking to compel Plaintiff to produce certain medical records and private messages she had sent using her WhatsApp and Instagram accounts.[5] Defendants (correctly) filed their motion in unsealed but redacted form at

---

[4] Plaintiff filed an unredacted copy of the June 8, 2026, status conference transcript under seal at ECF 198. Since the same unredacted transcript at ECF 192 is unsealed, ECF 198 shall also be unsealed.

[5] At the June 8, 2026, conference, I denied the portion of Defendants' motion seeking to compel the production of Netrebko's medical records. Neither party seeks sealing of any information related to the remainder of the motion to compel that concerns Netrebko's private social media messages.

ECF 172 and unredacted with proposed redactions highlighted at ECF 173. However, Defendants (incorrectly) did not file a motion to seal ECF 173. A week later, on March 25, 2026, Plaintiff filed a joint motion to seal ECF 173, (ECF 176), in which she proposed redactions to ECF 172 which are limited to only what Plaintiff identified to be Netrebko's medical information. (ECF 176-1).

The parties do not dispute that the motion itself is a judicial document entitled to the highest presumption of public access under the First Amendment and common law. *See Lugosch,* 435 F.3d. at 120. Plaintiff propounds that the presumption is low because Plaintiff is only seeking "garden variety" emotional distress damages, and, therefore, the medical records sought would not be relevant to the underlying case. This argument is misplaced because under *Lugosch* and its progeny, the test is not whether the Court utilized information in making its decision but rather that the Court could have. *See e.g. United States v. Sattar*, 471 F. Supp. 2d 380, 386 (S.D.N.Y. 2006) (collecting cases for interpretation of standard for weighing strength of presumption of access under *Lugosch*).

Private medical information can be a competing concern sufficient to overcome a high presumption of public access, but "that privacy right is neither fundamental nor absolute." *Sattar*, 471 F. Supp. 2d at 387. Indeed, courts permit sealing of information such as illnesses or other potentially embarrassing information with no public ramifications. *Id*. at 387 (collecting cases for evaluating the weight courts afford right of privacy). Plaintiff seeks to seal references to what she purports to be private medical information in Plaintiffs' motion, as distinguished from a medical record or other medical document attached to a motion as an exhibit. Indeed, Plaintiff does not seek to seal a medical record at all, or even references to information in a

9

medical record. Rather, she seeks to seal references, made during her deposition, to a hospital visit where she received a non-specific diagnosis of having high blood pressure. (ECF 173). This is hardly the kind of information which would be "used to gratify private spite or promote public scandal," or "serve as reservoirs of libelous statements for press consumption." *Id*. (quoting *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598 (1978) (internal quotation marks omitted). Accordingly, the motion to seal at ECF 176 is **DENIED** and ECF 173 shall be unsealed.

### D. ECF 179: Motion to Seal Defendants' Opposition to Plaintiff's Motion to Compel Production of Bolshoi Theatre Contract

Finally, at ECF 179, the parties jointly seek to seal Exhibit B to Plaintiff's motion to compel production of the Met's contract with the Bolshoi Theatre.[6]  (ECF 178). Exhibit B is an email between Defendant Gelb and a representative of the Bolshoi Theatre, which Plaintiff argues supports production of the contract between the Met and the Bolshoi Theatre. (ECF 180-1). The parties also seek to redact a few lines of ECF 178 that reference the content of that email. (ECF 180).

As opposed to pleadings, which are widely recognized as judicial documents, (*id.* at 140), the law is more complex with respect to filings made in support of a discovery dispute. *Brown v. Maxwell*, 929 F.3d 41, 47-49 (2d Cir. 2019). The email in question was attached in support of Plaintiff's motion to compel discovery, which is neither a pleading (as in *Bernstein*), nor a document used by a party in support of, or in opposition of, a dispositive motion (as in *Lugosch*). Accordingly, I find that the email in question is not a judicial document entitled to a

---

[6] Plaintiff's motion to compel production of the underlying contract was denied at the June 8, 2026, conference. (ECF 191).

high presumption of public access. *See Maxwell* 929 F.3d at 49-50 (documents "simply passed between the parties in discovery" not ordinarily considered judicial documents).

Nevertheless, "a court's authority to oversee discovery and control the evidence introduced at trial … constitutes an exercise of judicial power … ancillary to the court's core role in adjudicating cases," meaning the presumption of public access is "generally somewhat lower" but still requires a court to articulate "specific and substantial reasons for sealing such material." *Id.* In support of their motion to seal, Defendants aver that "the Met's business dealings with theaters and music institutions around the world and specific arrangements regarding co-productions (including budgets, sets, scenery, and costumes) are highly confidential and have never been available to the press or public." (ECF 183). This argument is unconvincing because no such information is present in Gelb's email. It is merely an apology that the Met must terminate its relationship with the Bolshoi Theatre. It does not discuss any terms of the termination or their co-production beyond the use of the word "scenery." Moreover, as I discussed at length *supra*, a "generalized concern of adverse publicity is not a sufficiently compelling reason to outweigh the presumption of access" *Gucci Am., Inc. v. Guess?, Inc.*, No. 09–CV–4373 (SAS) (JLC), 2010 WL 1416896, at *2 (S.D.N.Y. Apr. 8, 2010) (internal quotation marks omitted). Accordingly, the application to seal ECF Nos. 180 and 180-1 is **DENIED**.

### E.   ECF 134: Letter Response in Opposition to Plaintiff's Motion to Compel Deposition

On November 5, 2025, Plaintiff filed an improper sur-reply in support of her October 29, 2025, letter motion seeking to compel the deposition of Met employee Gillian Brierley. (Redacted form: ECF 133, Unredacted form under seal: ECF 134). Plaintiff did not have leave to

redact ECF 133 nor file ECF 134 under seal, nor has any party sought leave to do so since it was filed. Accordingly, ECF 134 shall be unsealed.

## III.    CONCLUSION

For the foregoing reasons, the motions to seal, ECF Nos. 147, 150, 176, 179, and 197, are **DENIED**. Plaintiff is **ORDERED** to file an unredacted version of ECF 153 by **July 29, 2026.**

The Clerk of Court is respectfully directed to:

- strike ECF 154;
- unseal ECF Nos. 134, 143, 144, 148, 152, 173, 180, 192, and 198 (including all attachments to each); and
- close ECF Nos. 147, 150, 176, 179, 197, and 198.

**SO ORDERED.**

/s/ Ona T. Wang

Dated: July 22, 2026                          **Ona T. Wang**
New York, New York                         United States Magistrate Judge