**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

ANNA NETREBKO,

                        Plaintiff,

             -against-

METROPOLITAN OPERA ASSOCIATION, INC., et
al.,

                  Defendants.

----------------------------------------------------------------x

23-cv-6857 (AT) (OTW)

**ORDER**

        **ONA T. WANG, United States Magistrate Judge:**

        After the Court ordered unsealing of ECF Nos. 134, 143, 144, 148, 152, 173, 180, 192 and 198, (the "Unsealing Order," ECF 199), the Plaintiff filed two motions: 1) seeking a stay of that order (ECF 200); and 2) seeking "emergency" temporary sealing pending reconsideration of the unsealing of ECF 143, and certain exhibits attached to ECF Nos. 144, 148, and 152.[1] (See motion for reconsideration and "emergency" sealing, ECF 204). The parties also filed a joint letter seeking to "remove" ECF 144-1 from the docket. (ECF 203).

        **The docket is a mess.** By filing multiple motions to seal and multiple provisionally and sometimes duplicative sealed documents, the parties did not review and comply with my Individual Practices VI.b., which states, in relevant part:

> Where the motion seeks approval to redact information from a document that is to be publicly filed, the filing party shall:
> (1) publicly file the document with the proposed redactions, and

---

[1] Plaintiffs apparently have not sought reconsideration of the unsealing of ECF 134, 173, 180, 192 and 198.

(2) electronically file under seal a copy of the unredacted document with the proposed redactions highlighted.
**Both documents must be electronically filed through the ECF system and related to the motion.**

(emphasis added).

At the time of this Order, Plaintiff still has not complied with the requirement to publicly file the documents with the proposed redactions and to relate them to the motion. Indeed, ECF 204 does not link or relate the motion with the documents sought to be sealed (which appear to be a subset of the documents that were ordered unsealed), nor does it identify or link or relate to the publicly filed documents that contain the proposed redactions.

Moreover, the Court cannot and will not strike or remove only portions of documents already filed on the docket. The process outlined by my Individual Practices obviates the need to do so, because if the parties had filed their motions to seal and filed their prospectively sealed documents properly, they would have also publicly filed proposed redacted documents that linked to the documents they sought to seal, and related them to the motion. Then, a decision on the motion to seal would only have resulted in the unredacted document being unsealed or remaining under seal.

Even now, there are no publicly filed versions of any of the documents that include proposed redactions—the same documents Plaintiff now seeks to seal pending a decision on the motion for reconsideration. This is despite the Court having noted this deficiency in the Unsealing Order. (See ECF 199 at 2-3.) Were the Court to grant temporary sealing of ECF Nos. 143, 144, 148, and 152, there would exist no redacted counterparts to these documents on the docket. With the exception of the past week, these documents have been under seal for more

than six months without a public, redacted counterpart on the docket. Indeed, ECF 148 appears to still be sealed, notwithstanding the Unsealing Order.

The Court would prefer to address Plaintiff's motion for reconsideration[2] on its merits, and prevent further unnecessary filings on the docket. Accordingly, Plaintiff is directed to publicly file documents that contain the proposed redactions (or sealed exhibits) for ECF Nos. 143, 144, 148, and 152. For example, for ECF 144, for which the parties agree deposition excerpts should be substituted for the full deposition at ECF 144-1, this would entail publicly filing a new document that links or explicitly relates to ECF 144 that substitutes the parties' agreed excerpts for ECF 144-1, and is otherwise identical to the entirety of ECF 144, including exhibits that are not subject to the motion for reconsideration. **These filings shall be made no later than August 7, 2026.**

Defendant's opposition to the motion for shall be filed by **August 11, 2026**. There shall be no replies.

---

[2] Inexplicably, Plaintiff filed both a motion for reconsideration (ECF 204) <u>and</u> an appeal of the Unsealing Order. (ECF Nos. 205, 206). Plaintiff should consider whether to withdraw ECF Nos. 205 and 206 pending a decision on the motion for reconsideration.

ECF Nos. 143, 144, 148, and 152 will be temporarily sealed pending this Court's

resolution of the motion for reconsideration. Failure to timely file public versions of these

documents with proposed redactions may be a basis for future unsealing orders or monetary

sanctions.

**SO ORDERED.**

_/s/ Ona T. Wang_

Dated: August 3, 2026 **Ona T. Wang**
New York, New York United States Magistrate Judge