Elior Shiloh
140 Broadway, Suite 3100
New York, NY 10005
Elior.Shiloh@lewisbrisbois.com
Direct: 212.232.1362

November 19, 2026

***By ECF***
Honorable Ona T. Wang
United States District Court for the Southern District Of New York
500 Pearl Street
New York, NY 10007

Re: *Anna Netrebko v. Metropolitan Opera Association, Inc., et al.*
Case No. 23-cv-6857

Dear Judge Wang,

We represent Defendants Metropolitan Opera Association, Inc. and Peter Gelb in the above-referenced matter. Pursuant to ¶¶ 3 and 9 of the parties' filed Stipulation and Protective Order (ECF No. 63) and the Court's Individual Practices §§ V(e) and VI(b), Defendants hereby request:

(a) an order authorizing the public filing of Exhibits A and B to Defendants' letter motion seeking spoliation sanctions (ECF No. 236); and
(b) provisional sealing of the same while the Court's determination on the propriety of Plaintiff's counsel's "Confidential" designation is pending.

Consistent with § VI(b), Defendants have submitted a public version of their letter motion for spoliation sanctions with proposed redactions and public placeholders for Exhibits A and B. The unredacted letter, with highlights reflecting the redacted language, and both exhibits are being submitted separately under seal.

Defendants' position is that the communications at issue are neither confidential nor sensitive and warrant no protection under the Protective Order, the Court's rules, or governing law. Temporary protection is requested solely to preserve Plaintiff's asserted rights while she presents her grounds for continued protection and while the Court resolves the dispute.

Specifically, Exhibit A contains the text-message exchange at issue in Defendants' letter motion and its translation, and Exhibit B contains the transcript of an accompanying recording. Plaintiff designated both exhibits as confidential. On November 16, 2026, Defendants requested withdrawal of the designations covering the exchange and accompanying recordings. Plaintiff's counsel refused, extending that refusal to the English translations without identifying a particularized basis for

protection. The parties thus disagree over whether the communications qualify for confidential treatment.

The Protective Order permits designation only where counsel determines in good faith that protection is necessary for proprietary information, trade secrets, or otherwise sensitive nonpublic information. ECF No. 63 ¶ 1. Defendants maintain that the subject communications fall within none of those categories. Their private origin does not, without more, establish that their contents are sensitive or entitled to protection. Paragraph 3 expressly permits challenges to confidentiality designations, and paragraph 9 provides that "there is no presumption that such information shall be filed with the Court under seal." *Id.* ¶¶ 3, 9. Plaintiff's designation therefore neither resolves this dispute nor independently justifies sealing.

The same conclusion follows under the Court's Individual Practices § VI(b), which requires a particularized justification for sealing under the standards established in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132 (2d Cir. 2016). Under *Lugosch*, the Court considers whether the materials are judicial documents, the weight of the presumption of access, and any countervailing interests. 435 F.3d at 119–20. These exhibits bear directly on the alleged loss of evidence and the requested sanctions (specifically, adverse inference). They are central to the relief Defendants seek and to the Court's supervision of the litigation. The public therefore has a substantial interest in access to the evidence underlying the parties' arguments and the Court's disposition.

Further, this substantial interest in access is not outweighed by any legitimate confidentiality interest present in these communications. Plaintiff has identified no specific sensitive information, concrete harm from disclosure, or basis for withholding both exhibits in their entirety. To overcome the First Amendment right of access, a proponent of sealing must "demonstrat[e] that closure is essential to preserve higher values and is narrowly tailored to serve that interest"; "conclusory assertion[s]" are insufficient. *Bernstein*, 814 F.3d at 144. Reliance on a discovery protective order does not dispense with the required showing. *Lugosch*, 435 F.3d at 126.

Exhibits A and B to Defendants' letter motion do not satisfy the heightened standard for sealing under this Second Circuit precedent. The Court should therefore direct Plaintiff to withdraw those designations and authorize their public filing. Nevertheless, consistent with the Protective Order, Defendants request provisional sealing of the exhibits and corresponding redactions to the letter motion solely to preserve Plaintiff's asserted rights until she has had an opportunity to substantiate her position and the Court resolves the dispute. This temporary protection would also permit consideration of Defendants' contemporaneously filed letter motion for spoliation sanctions to proceed without delay.

We thank the Court for its time and consideration.

Respectfully submitted,

*Elior Shiloh*

Elior Shiloh of
LEWIS BRISBOIS BISGAARD & SMITH LLP

cc: All Counsel (via ECF)